In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-330 CR


____________________



CARMEN ESTELLE MOREAU, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 81272






MEMORANDUM OPINION (1)
 

 On November 13, 2000, Carmen Estelle Moreau pled guilty, pursuant to a plea
bargain agreement, to the charge of burglary of a habitation, adjudication of guilt was
deferred and Moreau was placed under community supervision for five (5) years, and
fined $1,000.00. On November 26, 2001, Moreau pled "true" to an allegation that she
violated one of the terms of her community supervision. After hearing the plea, the trial
court set the case for sentencing. At the sentencing hearing, the trial court continued
Moreau's probationary status and reset the case. After a hearing held June 3, 2002, the
trial court revoked Moreau's community supervision, found her guilty of the offense of
burglary of a habitation, and sentenced her to eight (8) years' imprisonment. Moreau filed
a pro se notice of appeal, and appellate counsel was appointed to represent her. 

 Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moved to withdraw. In brief, counsel concludes
that after diligently reviewing the record, he found no reversible error and no arguable
grounds for error. The brief demonstrates that counsel notified Moreau of his opinion that
the appeal is without merit, and that she has the right to view the record and file a pro se
brief raising any ground of error she considered appropriate. Moreau was granted
additional time to file a pro se response, but none was filed.

 Based on a review of the record and relevant legal authorities, we find there are no
arguable issues on appeal. First, the trial court's determination to adjudicate is not
reviewable on appeal. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
Second, Moreau may not raise in this appeal any alleged error in the original plea
proceedings. Manuel v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999). Third,
Moreau's plea of "true" to the alleged violation of one of the terms of her community
supervision authorized the trial court to revoke. Moore v. State, 11 S.W.3d 495, 498
(Tex. App.- Houston [14th Dist.] 2000, no pet.). Fourth, although a general notice of
appeal invokes the Court's jurisdiction to consider issues relating to the process by which
Moreau was punished, no error relating to punishment was preserved on appeal. Vidaurri
v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim. App. 2001). Burglary of a habitation is
a second degree felony, Tex. Pen. Code Ann. § 30.02(c)(2) (Vernon 2003), with a
punishment range of not more than 20 or less than 2 years. Tex. Pen. Code Ann. §
12.33(a) (Vernon 2003). The punishment imposed (8 years) falls within the range
provided by the applicable statute. 

 The judgment is AFFIRMED. 

 PER CURIAM


Submitted on August 7, 2003

Opinion Delivered August 13, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.