**William Richard MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00244–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2000.

---

Lucinda Kay Marshall, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON and BAIRD.*

* Former Judge Charles F. Baird sitting by assignment.

## OPINION

CHARLES F. BAIRD, Justice
(Assigned).

Appellant was charged by indictment with bond jumping. Pursuant to a plea bargain agreement, punishment was assessed at eight years confinement, probated for a period of eight years. Subsequently, the State moved to revoke appellant's community supervision. Following a hearing, the trial court revoked appellant's community supervision and assessed punishment at eight years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant appeals and we affirm.

## I. Procedural Summary

Appellant was placed on community supervision conditioned that, *inter alia*, he commit no subsequent criminal offense. The State's motion to revoke community supervision alleged that appellant committed numerous violations, including the offense of forgery. Following the hearing on the State's motion to revoke, the trial court found appellant violated the conditions of his community supervision in four separate ways, including commission of forgery.

## II. Standard of Review

██ Appellant challenges the sufficiency of the evidence to support the trial court's findings. In a hearing on a motion to revoke probation, the State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *See McCullough v. State*, 710 S.W.2d 142, 145 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). The State satisfies its burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the motion to revoke. *See Joseph v. State*, 3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Proof of any one of the alleged violations is sufficient to support a revocation of community supervision. *See Alexander v. State*, 879 S.W.2d 338, 340 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), *cert. denied*, 514 U.S. 1127, 115 S.Ct. 1999, 131 L.Ed.2d 1000 (1995) (citing *Hendley v. State*, 783 S.W.2d 750, 752 (Tex.App.—Houston [1st Dist.] 1990, no pet.)).[1] In a probation revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *See Battle v. State*, 571 S.W.2d 20, 22 (Tex.Crim.App.1978). Appellate courts review an order revoking probation under the abuse of discretion standard. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984). In making this determination, we examine the evidence in the light most favorable to the trial court's order. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981); *Allen v. State*, 681 S.W.2d 183, 184 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

## III. Subsequent Criminal Offense

With the foregoing standard in mind, we will determine whether the evidence was sufficient to establish appellant committed a criminal offense after being placed on community supervision, namely, possession of a forged document.

### A. Fatal Variance

██ Initially, appellant contends there was a fatal variance between the offense

---

1. We pause to note that a plea of true to any one of the alleged violations is sufficient to support the trial court's order of revocation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim.App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no pet.).

And once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex.Crim.App. [Panel Op.] 1981); *Cole*, 578 S.W.2d at 128; *Hays*, 933 S.W.2d at 661.

alleged in the State's motion to revoke community supervision and the proof offered at the revocation hearing. Specifically, appellant argues that the motion alleged the forged document was a counterfeit $50.00 "Federal Reserve Note, Serial Number AL5124049A." However, at trial, a United States secret service agent testified the document bore serial number AL25124049A. Further, the document, which was introduced into evidence at State's exhibit 2, bears the latter serial number.

■■■ The defendant at a revocation of probation proceeding need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). This is so because the defendant's guilt is not at issue; the trial court is not concerned with determining the defendant's original criminal culpability. The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of guilt. *See Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Crim.App.1978) (quoting *Kelly v. State*, 483 S.W.2d 467, 469 (Tex.Crim. App.1972)). "This is not to say, however, that all constitutional guarantees of due process fly out the window at a probation revocation hearing." *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Crim.App.1979). A probationer is entitled to certain due process protections in the revocation proceedings. *See Bradley v. State*, 564 S.W.2d 727, 729 (Tex.Crim.App.1978); *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim. App.1977). In *Gagnon v. Scarpelli*, the Supreme Court enunciated the minimum requirements of due process, which must be observed in probation revocation hearings. They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and

a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. *See id.*, 411 U.S. at 786, 93 S.Ct. at 1761–62; *Ruedas*, 586 S.W.2d at 523; *Osborne v. State*, 845 S.W.2d 319, 321 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The probationer's interests are also protected by the due course of law provisions of the Texas Constitution. TEX. CONST. article I, § 19; *Rogers v. State*, 640 S.W.2d 248, 252 (Tex. Crim.App.1982) (Opinion on State's Motion for Rehearing); *Wester v. State*, 542 S.W.2d 403, 406 (Tex.Crim.App.1976).

■■■ Accordingly, the probationer is entitled to a written motion to revoke that fully informs him of the violation of a term of probation, which he is alleged to have breached. *See Caddell v. State*, 605 S.W.2d 275, 277 (Tex.Crim.App.1980) (citing *Gordon v. State*, 575 S.W.2d 529 (Tex. Crim.App.1978); *Garner v. State*, 545 S.W.2d 178 (Tex.Crim.App.1977); *Tamez v. State*, 534 S.W.2d 686 (Tex.Crim.App. 1976); *Campbell v. State*, 456 S.W.2d 918 (Tex.Crim.App.1970)). Additionally, the authority of the trial court to revoke probation is limited by the allegations of which the probationer had due notice, i.e., those that were contained in the written motion to revoke probation. *Id.* This is not to say, however, a motion to revoke community supervision must meet the particularities of an indictment, information, or complaint. *See Champion v. State*, 590 S.W.2d 495, 497 (Tex.Crim.App.1979). All that is required is that the motion to revoke should fully and clearly set forth the basis on which the State seeks revocation so that a defendant and his counsel have notice. *See Leyva v. State*, 552 S.W.2d 158, 162 (Tex.Crim.App.1977).

■■■ The fatal variance doctrine stands for the proposition that a variance between the indictment and the evidence at trial may be fatal to a conviction because due process guarantees the defendant notice of the charges against him. *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App.1995). The fatal variance

doctrine is applicable to revocations of community supervision. *See Taylor v. State,* 592 S.W.2d 614 (Tex.Crim.App. 1980); *Milo v. State,* 663 S.W.2d 483 (Tex. App.—Beaumont 1983, no pet.). However, not every variance between the evidence at trial and the indictment is fatal; only a material variance is fatal. *See Stevens,* 891 S.W.2d at 650. A variance between the charging instrument and the proof at trial is material only if it operated to the defendant's surprise or prejudiced his rights. *See id.; Human v. State,* 749 S.W.2d 832, 837 (Tex.Crim.App.1988).

In this case, there was a variance between the pleading and the proof regarding the serial number of the $50.00 bill. The remaining question is whether the variance is material, and therefore, fatal. While the facts will be developed more fully below, they may be briefly stated here as follows. Appellant handed a counterfeit $50.00 bill to a cashier. Both appellant and his brother testified, and admitted to possessing the bill. However, they further testified they did not know the bill was counterfeit. Consequently, we find the variance between the alleged serial number and the proven serial number did not operate to the defendant's surprise or prejudice his rights. Accordingly, we hold the variance was not material, and therefore, not fatal to the prosecution.

### B. Sufficiency of the Evidence

■ Having found no fatal variance, we will now proceed to determine whether the evidence was sufficient. Appellant does not contend he did not possess the counterfeit $50.00 bill. Rather he argues the evidence is insufficient to show that he had knowledge that the bill was forged or the intent to defraud or harm another.

The evidence in the light most favorable to the trial court's order, *Garrett,* 619 S.W.2d at 174; *Allen,* 681 S.W.2d 183, establishes the following. Appellant, who was shopping in a music store at a mall, attempted to make a purchase with a $50.00 bill. The cashier, believing the bill

was counterfeit, asked the assistant manager to examine it. The manager looked at the bill and called security. Appellant asked that the bill be returned. When the manager refused, appellant ripped the bill from the manager's hand, tearing the bill into two pieces, and fled. Appellant was apprehended and the torn portion of the $50.00 bill was found at his feet. Appellant was then returned to the store and identified by the cashier as the individual who attempted to purchase the merchandise with the $50.00 bill. Appellant was then housed in the mall's security office holding cell and later interviewed by a United States secret service agent. Following this interview, appellant was returned to the cell. While awaiting to be transported to jail, appellant escaped from the holding cell and fled. In the subsequent search for appellant, it was determined the information appellant had provided regarding his name, date of birth, etc., was false.

■ The requisite culpable mental state may be inferred from the actions or conduct of the defendant. *See McGee v. State,* 774 S.W.2d 229, 234 (Tex.Crim.App. 1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1535, 108 L.Ed.2d 774 (1990). For evidence of flight to be admissible, the flight must be so connected with the offense on trial as to render it relevant as a circumstance bearing upon the defendant's guilt. *See Hicks v. State,* 82 Tex.Crim. 254, 199 S.W. 487 (1917). Evidence of flight is some evidence of guilt and amounts in effect to a quasi admission of guilt of the offense charged. *See Fentis v. State,* 582 S.W.2d 779, 781 (Tex.Crim.App.1976); *Damron v. State,* 58 Tex.Crim. 255, 125 S.W. 396 (1910).

In light of this authority, we believe the evidence of appellant presenting the $50.00 bill to the cashier, subsequently ripping the bill from the manager's hand, his flight, not once, but twice, and his providing false information to the authorities, when viewed in the light most favorable to the trial court's finding is sufficient to

prove by a preponderance of the evidence that appellant knew the $50.00 bill was forged and further that he possessed it with the intent to defraud or harm another.

Having found the evidence sufficient to prove the allegation that appellant committed a criminal offense after being placed on community supervision, it is not necessary to address appellant's contentions that the evidence was insufficient to support the remaining findings by the trial court. *See Alexander*, 879 S.W.2d at 340. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.