NO. 07-02-0259-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 23, 2003


______________________________



KERRY LEN BRADFORD
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B12895-9802; HON. ED SELF, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Kerry Len Bradford, appellant, appeals from an order revoking his probation. He
asserts that the evidence was insufficient to show that he committed the new offense of
using a motor vehicle in an unauthorized manner. We affirm.

Background


 Initially, appellant pled guilty to the offense of possessing a controlled substance. 
Upon his plea and his stipulation to evidence confirming his guilt, the trial court convicted
and sentenced him. However, the sentence was suspended, and he was placed on
probation for five years. Thereafter, the State moved to revoke appellant's probation,
contending that he violated two conditions of his probation. That is, it alleged that he
committed offenses against the laws of Texas (i.e. the unauthorized use of a motor vehicle
and the possession of a crack pipe) and failed to pay various fines, fees, and court costs
as previously ordered. At the subsequent hearing upon the motion, appellant pled true to
possessing a crack pipe and failing to pay the fine, fees, and costs as ordered. He denied
committing the other offense, however. Thereafter, the trial court heard evidence on the
matter of using the vehicle without consent and, "based upon [his] plea of true and the
evidence presented" found that he had "violated the terms of [his] probation as alleged in
the motion to revoke . . . probation." Consequently, appellant's community supervision
was revoked, and he was sentenced to two years imprisonment in a state jail facility and
assessed a $500 fine.

Issue One


 Appellant contends, in his only issue, that the trial court erred in revoking his
community supervision because the evidence was insufficient to illustrate that he used a
motor vehicle in an unauthorized manner. We overrule the contention.

 A plea of true to any one of the alleged violations contained in a motion to revoke
is sufficient to support the trial court's order revoking probation. Moore v. State, 11
S.W.3d 495, 498 n.1 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Furthermore, once
a plea of true has been entered, a defendant may not challenge the sufficiency of the
evidence to support the subsequent revocation. Id. Here, appellant pled true to violating
several conditions of his probation. Thus, that plea was and is sufficient to support the trial
court's order revoking his probation. That he now contends that the State failed to prove
the allegation to which he pled not true is of no consequence for once he pled true to the
other allegations, he could not challenge the sufficiency of the evidence to support the
subsequent revocation. Id.

 Accordingly, we affirm the judgment of the trial court revoking appellant's community
supervision.

 Brian Quinn

 Justice


Do not publish.


 



style="font-family: 'Arial', sans-serif">V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
          Appellant, Joseph Mark Daigle, appeals from his conviction by jury of aggravated
sexual assault of a child, enhanced, and sentence of 99 years of imprisonment.


 The trial
court filed its certification representing that appellant has the right of appeal. However, the
appellate record reflects that appellant failed to sign the certification, pursuant to Texas
Rule of Appellant Procedure 25.2(d), which requires the certification to be signed by
appellant and a copy served on him.


 See Tex. R. App. P. 25.2(d).
          Consequently, we abate the appeal and remand the cause to the 320th District Court
of Potter County for further proceedings. On remand, the trial court shall utilize whatever
means it finds necessary to secure and file with this Court a certificate of right to appeal
that complies with Rule 25.2(d). See Tex. R. App. P. 25.2(d).
          If necessary, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk’s record. The trial
court shall file the supplemental clerk’s record and the supplemental reporter’s record, if
any, with the Clerk of this Court by September 8, 2008. 
          It is so ordered. 
 
                                                                           Per Curiam
 
Do not publish.