NO. 07-02-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 23, 2003
_____

KERRY LEN BRADFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B12895-9802; HON. ED SELF, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Kerry Len Bradford, appellant, appeals from an order revoking his probation. He asserts that the evidence was insufficient to show that he committed the new offense of using a motor vehicle in an unauthorized manner. We affirm.

### *Background*

Initially, appellant pled guilty to the offense of possessing a controlled substance. Upon his plea and his stipulation to evidence confirming his guilt, the trial court convicted and sentenced him. However, the sentence was suspended, and he was placed on

probation for five years. Thereafter, the State moved to revoke appellant's probation, contending that he violated two conditions of his probation. That is, it alleged that he committed offenses against the laws of Texas (*i.e.* the unauthorized use of a motor vehicle and the possession of a crack pipe) and failed to pay various fines, fees, and court costs as previously ordered. At the subsequent hearing upon the motion, appellant pled true to possessing a crack pipe and failing to pay the fine, fees, and costs as ordered. He denied committing the other offense, however. Thereafter, the trial court heard evidence on the matter of using the vehicle without consent and, "based upon [his] plea of true and the evidence presented" found that he had "violated the terms of [his] probation as alleged in the motion to revoke . . . probation." Consequently, appellant's community supervision was revoked, and he was sentenced to two years imprisonment in a state jail facility and assessed a $500 fine.

### *Issue One*

Appellant contends, in his only issue, that the trial court erred in revoking his community supervision because the evidence was insufficient to illustrate that he used a motor vehicle in an unauthorized manner. We overrule the contention.

A plea of true to any one of the alleged violations contained in a motion to revoke is sufficient to support the trial court's order revoking probation. *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Furthermore, once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *Id.* Here, appellant pled true to violating several conditions of his probation. Thus, that plea was and is sufficient to support the trial

2

court's order revoking his probation. That he now contends that the State failed to prove the allegation to which he pled not true is of no consequence for once he pled true to the other allegations, he could not challenge the sufficiency of the evidence to support the subsequent revocation. *Id.*

Accordingly, we affirm the judgment of the trial court revoking appellant's community supervision.

Brian Quinn
Justice

Do not publish.