NO. 07-03-0508-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 5, 2004

_____

MARIO DOMINGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13640-0002; HON. ED SELF, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Mario Dominguez appeals from a judgment revoking his probation. Through one issue, he asserts that the trial court abused its discretion by denying his motion for new trial. We affirm the judgment of the trial court.

***Background***

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

Appellant was originally convicted for possessing cocaine and sentenced to two years imprisonment in a state jail facility. However, the trial court suspended the sentence and placed him on community supervision for three years. Thereafter, the State moved to revoke his community supervision. Kregg Hukill was appointed as his attorney, and a hearing was set for October 6, 2003. Thereafter, appellant's wife retained Peter Clarke to represent him. Clarke filed an appearance on September 12, 2003, and a hearing on the motion to revoke was held later that same day with Clarke appearing on behalf of appellant. At the hearing, appellant pled true to five of the seven alleged violations. The court then revoked his probation and imposed the original sentence.

Appellant timely moved for a new trial. In his motion, he asserted that his plea was involuntary, that he received ineffective assistance of counsel, and that the interests of justice entitled him to a new trial. The court convened a hearing on the motion. Thereat, appellant testified that he was not prepared for the revocation hearing, that he had only spoken with Clarke for five to ten minutes before the hearing, that his attorney and the probation officer led him to believe that his probation would be reinstated, and that some of the allegations in the motion to revoke were inaccurate, despite his plea of true to them.[2] However, while undergoing examination by the trial court, appellant admitted that he did not tell his attorney that he felt unprepared because he was willing to have his probation reinstated. So too did he admit 1) that neither his attorney nor the probation officer "promised" reinstatement and 2) that he had previously told the trial court no one promised

_____

[2]The record shows that while appellant's probation officer made no recommendation as to whether his probation should be reinstated, the tenor of her testimony was that he would most likely be a good candidate for reinstatement.

him anything and he was pleading true to various of the allegations in the motion to revoke because they were true.

Clarke also testified at the hearing on the motion for new trial. He indicated that he had spoken with appellant for 15 to 20 minutes. However, not much preparation was needed, in his view, because the grounds for revocation did not involve any new criminal charge. Furthermore, the main issue involved appellant's departure from Hale County to San Antonio to attend a drug rehabilitation program. And, when asked if he believed appellant's pleas of true were voluntary, Clarke answered that he did since he had spoken with his client about the allegations.

### *Analysis*

Whether to grant a new trial lies within the discretion of the trial court. *State v. Gonzalez,* 855 S.W.2d 692, 695-96 (Tex. Crim. App. 1993). Thus, we cannot reverse its decision unless its discretion was abused. *Id.* Here, appellant contends that the trial court abused its discretion by denying a new trial since 1) the revocation hearing occurred earlier than originally scheduled, 2) he was unprepared and could have called other witnesses to testify, and 3) he pled true to "some of the allegations" in the motion to revoke because he believed he would be reinstated. We address each in turn, starting with the last one.

Whether appellant mistakenly pled true to some of the allegations did not render the decision to revoke baseless. This is so because the State presented evidence illustrating that he did not comply with at least one condition of probation. It related to his remaining in Hale County unless given prior permission to leave. Appellant's probation officer testified that she refused to give appellant permission to go to San Antonio until he completed his community service. Yet, he left anyway and before completing that service.

3

This is some evidence (independent of appellant's own plea of true) upon which the trial court could have not only found an allegation in the motion to be true but also revoked his probation. And, all that was needed was proof that one ground was true for the court to grant revocation. *Moore v. State,* 11 S.W.3d 495, 498 (Tex. App.--Houston [14th Dist.] 2000, no pet.)

As to the matter of the revocation hearing being held earlier than originally scheduled, no one uttered any objection before or at the proceeding. No one moved for a continuance. Nor did anyone tell the trial court that they were unprepared. Moreover, counsel for appellant believed that additional time was unnecessary given the allegations in the motion to revoke. So too did Clarke succeed in having appellant's probation officer testify in a manner favorable to reinstating him on probation. Indeed, she did so despite having initially told the trial court that she was withholding any recommendation about reinstatement. And, that testimony undoubtedly served to foster the one trial strategy being pursued by defense counsel, *i.e.* reinstatement to probation, even though the strategy ultimately proved unsuccessful. Given this, we cannot say that the trial court erred in refusing a new trial because appellant was supposedly unprepared to defend himself at the revocation hearing.

As to the allegation about his desire to present other witnesses, appellant failed to disclose both their identity and the substance of their testimony. That is pivotal information when attempting to induce the trial court to grant a new trial for the purpose of presenting favorable evidence. Moreover, without it, a trial court could hardly be found to have abused its discretion by failing to accord one opportunity to secure or present evidence the relevance of which it knew little to nothing.

4

Finally, and to the extent that appellant may suggest that his pleas of true were involuntary since he was misled into believing he would be reinstated to probation, he ultimately said that he had not been promised anything. So too did he admit that he understood that reinstatement lay entirely within the trial court's discretion. Thus, the evidence underlying his complaint about being misled was and is ultimately wanting.

Appellant's issue is overruled, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.