Affirmed as Modified and Memorandum Opinion filed February 10, 2009








Affirmed as
Modified and Memorandum
Opinion filed February 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00328-CR

____________

 

CHRISTOPHER CHARLES BOLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 359th
District Court

Montgomery County, Texas

Trial Court Cause No. 02-11-07340-CR

 



 

M E M O R A N D U M   O P I N I O N

Appellant Christopher Charles Bolin appeals the trial court=s order
adjudicating his guilt and sentencing him to seven years= confinement for
the underlying offense of aggravated assault with a deadly weapon.  In two
issues, appellant contends (1) the evidence was factually insufficient to prove
the allegations in the motion to adjudicate, and (2) the judgment should be
modified to correctly reflect the facts of the motion to adjudicate.  We modify
the judgment, and, as modified, affirm the trial court=s order.








I.  Background

Appellant was indicted for aggravated assault with a deadly
weapon.  On May 20, 2003, the trial court deferred a pronouncement of guilt and
placed appellant on deferred adjudication community supervision for seven
years.  The conditions of appellant=s community
supervision required him to, among other things, (1) avoid injurious or vicious
habits, including the use of alcohol and controlled substances, (2) work
faithfully at suitable employment as far as possible, (3) report to his
probation officer at least monthly, (4) submit to medical, chemical, or any
other test or examinations for the purpose of determining whether he is using
alcohol, narcotics, marijuana, or any other controlled substances, (5)
contribute 320 hours of community service restitution, and (6) avoid contact
with the victim of the underlying offense.  

On July 1, 2004, appellant=s community
supervision officer wrote a letter to the trial court explaining that appellant
had physical limitations, which prevented him from performing community
service.  The officer requested postponement for one year of appellant=s community
service restitution, waiver of delinquent probation fees, and a reduction in
future probation fees.  The trial court granted the officer=s request.  








On November 8, 2004, the State filed a motion to adjudicate
guilt and revoke community supervision alleging that appellant violated the
terms and conditions of his community supervision in that he tested positive
for marijuana on October 13, 2003, and on October 18, 2004.  On January 21,
2005, pursuant to a joint motion of the State and appellant, the trial court
amended the conditions of appellant=s community
supervision and the State withdrew its motion to adjudicate.  On October 15,
2005, the State filed a second motion to adjudicate guilt alleging that in
addition to the positive tests for marijuana, appellant tested positive for
cocaine on July 5, 2005.  The motion further alleged that appellant failed to
contribute 320 hours of community service restitution.  On November 21, 2005,
the trial court again amended appellant=s conditions of
community supervision and permitted the State to withdraw its motion to
adjudicate.

On April 19, 2007, the State filed a third motion to
adjudicate guilt in which it alleged that appellant failed to meet the terms
and conditions of community supervision by (1) testing positive for marijuana
on October 13, 2003, and October 18, 2004, (2) testing positive for cocaine on
July 5, 2005, (3) failing to avoid injurious and vicious habits by failing the
aforementioned drug tests, (4) failing to report to the Montgomery County
Department of Community Supervision and Corrections for the months of June,
July, August, September, October, November, December, 2006 and January,
February, and March, 2007, (5) failing to avoid contact with the victim of the
underlying offense, and (6) failing to attend substance abuse counseling.

The trial court held a hearing on the State=s motion at which
two community supervision officers and appellant testified.  Angie Holm, the
court liason officer for the Montgomery County Supervision Department,
testified that appellant tested positive for marijuana on October 13, 2003, and
October 18, 2004, and positive for cocaine on July 5, 2005.  Appellant failed
to contribute community service hours during the months listed in the motion
because he had medical issues and no transportation.  Appellant completed anger
management classes and one substance abuse class, but failed to complete a
second substance abuse class assigned when the trial court amended appellant=s conditions of
supervision.  Tom Roche, a Montgomery County community supervision officer,
testified that after failing to report for three months, appellant was
classified as an absconder in September, 2006.








Appellant testified that he was unable to complete
substance abuse treatment and community service hours because he does not have
transportation.  He testified that since he has been on community supervision,
he lost his job, his house, and his girlfriend terminated a pregnancy.  He
absconded because he went to Austin to discuss the terminated pregnancy with
his former girlfriend.  Appellant admitted that he tested positive for
marijuana on October 13, 2003, and October 18, 2004, but denied using cocaine
on July 5, 2005.

The trial court found all allegations in the State=s motion to be
true with the exception of the allegation that appellant made contact with the
victim of the underlying offense.  The trial court adjudicated appellant=s guilt and
sentenced him to seven years= confinement.  Appellant appeals the trial
court=s adjudication of
his guilt.

II.  Standard of Review

We review a trial court=s order revoking
community supervision under an abuse of discretion standard.  See Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The
State=s burden of proof
in a revocation proceeding is by a preponderance of the evidence.  Cobb v.
State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  In conducting our
review, we consider all the evidence in the light most favorable to the trial
court=s finding to
determine whether the trial court could have reasonably found that appellant
violated the terms and conditions of his probation by a preponderance of the
evidence.  See Rickels, 202 S.W.3d at 763B64.  The State
satisfies its burden of proof when the greater weight of credible evidence
before the court creates a reasonable belief that it is more probable that the
defendant has violated a condition of probation.  Id.; Joseph v.
State, 3 S.W.3d 627, 640 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Proof of any one of the alleged violations is
sufficient to support a revocation of probation.  Moore v. State, 11
S.W.3d at 498.

III.  Discussion

A. 
Sufficiency of the Evidence to Support Revocation of Community Supervision








In his first issue, appellant challenges the State=s evidence
supporting the violations of the terms and conditions of his community
supervision.  Appellant contends that Holm did not testify to the exact dates
that he tested positive for marijuana and cocaine, and that she did not have
actual knowledge of whether appellant had performed community service.  The
record reflects the following testimony:

Q.(by the prosecutor):  So, I need to ask you now: Did you testify
about this particular U[rine] A[nalysis] which was conducted on October 13,
2003?

 

A.  That=s correct.

 

Q, And was that one of the UAs that was positive for marijuana?

 

A.  That=s correct.

 

Q.  Was there another UA on October 18, 2004, that was positive for
marijuana?

 

A.  That=s correct.

 

Q.  And was there another UA, that you=ve already testified to, conducted on July 5, 2005,
that was positive for cocaine?

 

A.  That=s correct.

 

Q.  Do your notes indicate if the defendant failed to report in the
months of June, July, August, September, October, November, December of 2006;
January, February and March of 2007?

 

A.  That is correct.

 

Q.  Did the defendant report during those months?

 

A.  He did not report.








Contrary to appellant=s assertion in his
brief, Holm testified to the specific dates on which appellant failed drug
tests.  She further testified that he did not report to the community
supervision office.  Moreover, appellant admitted he tested positive for
marijuana on the specific dates in October, 2003, and 2004.  He further
admitted that he traveled to Austin to discuss matters with his former
girlfriend and did not report to Montgomery County during that time.  Appellant=s admission that
he tested positive for marijuana is, by itself, sufficient to support the
revocation of community supervision.  See Cunningham v. State, 488
S.W.2d 117, 119B21 (Tex. Crim. App. 1972).  Because
appellant admitted to violating the condition that he avoid illegal drugs, the
trial court did not abuse its discretion in revoking appellant=s deferred
adjudication probation.  Appellant=s first issue is
overruled.

B. 
Modification of the Judgment

In his second issue, appellant contends the judgment should
be modified to correctly reflect that he plead not true to all allegations and
there was no plea bargain.  The State agrees with appellant and we sustain
appellant=s issue.  The judgment of the trial court is modified
to reflect that appellant plead not true to the allegations in the motion to
adjudicate and there was no plea bargain agreement.  See Tex. R. App. P. 43.2(b).

As modified, the judgment of the trial court is affirmed.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).