Affirmed and Memorandum Opinion filed March 3, 2009








Affirmed and Memorandum Opinion filed March 3, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00612-CR

____________

 

JAMES WESLEY HART, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 3rd
District Court

Anderson County, Texas

Trial Court Cause No. 27,063

 



 

M E M O R A N D U M   O P I N I O N

Appellant James Wesley Hart appeals his conviction for
injury of a child, claiming the trial court did not admonish him of the
consequences of his plea of Atrue@ to the State=s motion to revoke
probation.  We affirm.

I.  Factual and Procedural Background








Appellant pleaded Aguilty@ to the offense of
injury to a child and, pursuant to a plea-bargain agreement with the State, was
assessed punishment of ten years= probation.  On
February 20, 2008, the State filed a motion to revoke appellant=s probation on the
grounds that he violated the condition of probation that required him to
abstain from the use of alcoholic beverages, narcotic drugs, and other
controlled substances.  The State alleged that appellant admitted to his
community supervision officer that he had used cocaine on three different
occasions.  The State further alleged that appellant failed to pay supervision
and drug-test fees, and failed to complete ordered community service
restitution.  On March 13, 2008, the State amended its motion to revoke
probation to include a charge of a new offense, i.e., assault causing bodily
injury.  

On March 26, 2008, the trial court held a hearing on the
State=s motion.  The trial
court admonished appellant that if he pleaded Atrue@ to the
allegations in the State=s motion that the State would not be
required to provide proof of the allegations.  Appellant stated he understood
the allegations against him, he admitted his guilt for the underlying offense,
and pleaded Atrue@ to the allegations that he (1) used crack
cocaine, (2) failed to perform community service, (3) failed to pay a
supervision fee and fine, (4) failed to report to the community supervision
office, and (5) failed to attend recovery meetings.  Appellant testified that
he entered those pleas of Atrue@ because the
allegations were true and for no other reason.  Appellant did not plead Atrue@ to the charge of
a new offense.  With the exception of the new offense, the court found the
allegations in the State=s motion to be true and assessed
punishment at ten years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.

II.  Standard of Review

We review a trial court=s order revoking
probation under an abuse-of-discretion standard.  See Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State, 11 S.W.3d
495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
Proof of any one of the alleged violations is sufficient to support a
revocation of probation.  Moore v. State, 11 S.W.3d 495, 498 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  








III.  Analysis

In a single issue, appellant contends that his pleas of Atrue@ were not
voluntary because he was not advised of the consequences of his plea,
specifically, the range of punishment.  Appellant argues that the trial court
failed to comply with article 26.13 of the Texas Code of Criminal Procedure. 
The portions of the Code of Criminal Procedure that govern probation do not
refer to article 26.13.  See Tex.
Code Crim. Proc. Ann. art. 42.12.  A trial court is required to admonish
a defendant of the range of punishment attached to an offense before the
defendant enters a plea of guilty or nolo contendere.  Tex. Code Crim. Proc. Ann. art. 26.13.  However, the
requirements of article 26.13 do not apply in a revocation-of-probation
proceeding.  Gutierrez v. State, 103 S.W.3d 304, 309B10 (Tex. Crim.
App. 2003); Patrick v. State, 12-07-00137-CR, 2008 WL 836586 *1 (Tex.
App.CTyler 2008, pet.
ref=d) (memo. op.) (trial
court is not required to admonish defendant as to range of punishment in
revocation proceeding).  We overrule appellant=s sole issue.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).