Affirmed and Memorandum Opinion filed March 10, 2009








Affirmed and Memorandum Opinion filed March 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00923-CR

____________

 

ROBERT WESTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1095973

 



 

M E M O R A N D U M   O P I N I O N

Appellant Robert Wester appeals the trial court=s order
adjudicating his guilt and sentencing him to one year=s confinement for
the offense of injury to an elderly individual.  In a single issue, appellant
contends that the trial court abused its discretion in adjudicating and
sentencing him for technical violations because he was not physically capable
of fulfilling the terms and conditions of probation.  We affirm.








Background

On December 11, 2006, appellant pleaded guilty to the
offense of injury to an elderly individual, the trial court deferred
adjudication of guilt and placed appellant on community supervision for three
years.  The terms and conditions of community supervision required appellant,
among other things, to (1) avoid alcohol and illegal drugs, (2) remain in
Harris County, (3) perform community service, (4) pay a supervision fee, fine,
court costs, and lab fee, (5) obtain an offender identification card, (6)
participate in anger management treatment, and (7) participate in a
community-based program.  

On March 7, 2007, the State filed a motion to adjudicate
appellant=s guilt because he violated the above terms and
conditions of community supervision.  On October 17, 2007, appellant entered a
plea of true to the State=s allegations and signed a stipulation of
evidence admitting he had tested positive for cocaine and had violated the
other listed conditions of community supervision.  On that same day, the trial
court held a hearing on the issue of punishment.  At that hearing, appellant
testified that he was placed on felony community supervision for injury to an
elderly individual, that he reported to his community supervision officer three
times, and that he tested positive for cocaine.  He testified that he was
incapable of paying fees, performing community service, obtaining an offender
identification card, or completing anger management treatment because his
vehicle was impounded when he was arrested on the original charges.  He
testified that health problems prevented him from keeping a job and earning
money to pay for the vehicle=s release.  

At the conclusion of the hearing, the trial court found the
allegations in the motion to adjudicate were true and assessed punishment at
one year=s confinement in a
state jail facility.








Adjudication of Guilt

A. 
Jurisdiction

Article
42.12, Section 5(b) of
the Code of Criminal Procedure was amended during the 2007 Legislative session
to allow appeals from the decision to adjudicate guilt.  Act of June 15, 2007, 80th Leg.,
R.S., ch. 1308, ' 5, 2007 Tex. Sess. Law Serv. ch. 1308.  The amended statute
took effect on June 15, 2007, and the new provision applies only to a hearing
conducted on or after that date.  Because appellant=s hearing was held
on October 17, 2007, we have jurisdiction over this appeal.

B. 
Standard of Review

We review a trial court=s order revoking
community supervision under an abuse of discretion standard.  See Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  In
conducting our review, we consider all the evidence in the light most favorable
to the trial court=s finding to determine whether the trial
court could have reasonably found that appellant violated the terms and
conditions of his community supervision by a preponderance of the evidence.  See
Rickels, 202 S.W.3d at 763B64.  The State satisfies its burden of
proof when the greater weight of credible evidence before the court creates a
reasonable belief that it is more probable that the defendant has violated a
condition of community supervision.  Id.; Joseph v. State, 3
S.W.3d 627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.). 
Proof of any one of the alleged violations is sufficient to support a
revocation of community supervision.  Moore v. State, 11 S.W.3d at 498.

C. 
Analysis








Appellant argues that he was physically incapable of
performing community service and participating in anger management treatment. 
He further contends that his financial circumstances prevented him from paying
the appropriate fees.  Appellant makes no argument, however, that his physical
or financial hardships caused his positive drug test.   Appellant admitted that
he tested positive for cocaine in violation of the conditions of community
supervision.  That admission alone is sufficient to support the trial court=s decision to
adjudicate guilt.  Because appellant admitted to violating the condition that
he avoid illegal drugs, the trial court did not abuse its discretion in
adjudicating appellant=s guilt.  Appellant=s sole issue is
overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).