Affirmed and Memorandum Opinion filed April 28, 2009








Affirmed and Memorandum Opinion filed April 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00965-CR

____________

 

RICHARD ROY QUINTANA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1169123

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard Roy Quintana appeals the trial court=s order
adjudicating his guilt and sentencing him to five years= confinement for
the offense of aggravated assault of a family member.  In a single issue,
appellant contends that the trial court abused its discretion in adjudicating
appellant and sentencing him to five years= confinement.  We
affirm.

I.  Background








Appellant was indicted for the offense of aggravated
assault of a family member.  On June 20, 2008, the trial court deferred a
pronouncement of guilt and placed appellant on deferred adjudication community
supervision for five years.  According to the conditions of appellant=s community
supervision, he was not to commit an offense against the laws of the State of
Texas or any other state nor was he permitted to contact Claudia Quintana, his
wife and the victim of the offense.  On June 25, 2008, a protective order was
issued, which prohibited appellant, among other things, from (1) committing
family violence against Claudia, (2) communicating directly with Claudia, (3)
communicating a threat to Claudia, and (4) going near the residence or place of
employment or business of Claudia.  On July 21, 2008, the State filed a motion
to adjudicate appellant=s guilt alleging that he had committed an
offense against the laws of the State of Texas by violating the protective
order.  Specifically, the motion alleged appellant violated the order by
communicating with Claudia in a threatening and harassing manner by following
her in his vehicle.

At the hearing on the motion to adjudicate, Claudia
testified that on July 6, 2008, appellant called her as she was driving away
from her home.  Appellant drove up behind her and asked her to stop her car and
get out so he could talk with her.  When she refused, appellant followed her
for approximately two and a half blocks.  Claudia told appellant he was
frightening her and drove toward the constable=s office near her
neighborhood.  Appellant continued to follow her even though she told him she
was afraid and asked him to stop harassing her.  Claudia drove into the parking
lot at the constable=s office and honked her horn for someone
to come out and help her.  When she began honking the car horn, appellant drove
away.  After appellant left, Claudia exited her car and went into the constable=s office.  On
cross-examination, Claudia admitted that appellant never said he intended to
harm her.








Appellant testified that on July 6, 2008, he was on his way
to church when he drove past Claudia=s townhome complex
and saw her leaving the gate.  He called her to ask if she planned to give him
his clothes that were still in their home.  Appellant denied making any
threatening remarks to Claudia.  He drove through the parking lot at the
constable=s office because it was a shortcut to the church.  The
trial court asked appellant if he had phoned Claudia since he had been on
community supervision.  Appellant admitted that he phoned her five or six
times, but did not think phone calls were a violation of his community
supervision unless they were threatening.  The trial court told appellant that
if he contacted Claudia in person, in writing, by telephone, via the internet,
a third party or any other means for any reason except as specifically
permitted by the court, he was in violation of his community supervision.

The trial court found the allegation in the motion to
adjudicate to be true, adjudicated his guilt, and assessed punishment at five
years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.

II.  Standard of Review

We review a trial court=s order revoking
community supervision under an abuse of discretion standard.  See Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The
State=s burden of proof
in a revocation proceeding is by a preponderance of the evidence.  Cobb v.
State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  In conducting our
review, we consider all the evidence in the light most favorable to the trial
court=s finding to
determine whether the trial court could have reasonably found that appellant
violated the terms and conditions of his probation by a preponderance of the
evidence.  See Rickels, 202 S.W.3d at 763B64.  The State
satisfies its burden of proof when the greater weight of credible evidence
before the court creates a reasonable belief that it is more probable that the
defendant has violated a condition of community supervision.  Id.; Joseph
v. State, 3 S.W.3d 627, 640 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Proof of any one of the alleged violations is
sufficient to support a revocation of probation.  Moore v. State, 11
S.W.3d at 498.








III.  Analysis

A.
Revocation of Appellant=s Community
Supervision 

In a single issue, appellant contends the trial court erred
in sentencing him to five years in prison.  Although he only challenges
punishment in the wording of his issue, in his brief, appellant argues that the
evidence is insufficient to show he violated the protective order. 
Specifically, appellant argues he did not threaten Claudia.  He relies on the
cross-examination testimony of Claudia in which she stated that appellant did
not say he was going to harm her.  

Violation of a protective order is prohibited by section
25.07 of the Texas Penal Code.  Claudia testified that appellant followed her
from her residence to the constable=s office
repeatedly questioning her on her mobile phone despite her requests that he stop
harassing her.  Claudia felt so threatened that she was unwilling to leave her
car in the constable=s parking lot until appellant drove across
the street.  Although appellant testified that he was merely driving to church
and only phoned Claudia to ask about his clothes, the trial court, as the
fact-finder, was entitled to believe Claudia=s testimony and
disbelieve appellant=s.  Considering all of the evidence in the
light most favorable to the trial court=s finding, we
conclude that the trial court could have reasonably found that appellant
violated the terms and conditions of his community supervision.  Therefore, the
trial court did not abuse its discretion in finding that appellant committed an
offense by violating the protective order.

B. 
Appellant=s Sentence








The Eighth Amendment to the United States Constitution
requires that a criminal sentence be proportionate to the crime for which a
defendant has been convicted.  Solem v. Helm, 463 U.S. 277, 290 (1983). 
To preserve for appellate review a complaint that a sentence is grossly disproportionate
constituting cruel and unusual punishment, a defendant must present to the
trial court a timely request, objection, or motion stating the specific grounds
for the ruling desired.  Tex. R. App.
P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)
(noting that defendant waived any error because he presented his argument for
first time on appeal).  Therefore, by failing to object to the five-year
sentence, appellant waived a claim that the sentence was cruel and unusual.

Moreover, even if appellant preserved error by objecting,
the sentence imposed does not constitute cruel and unusual punishment.  The
legislature has the power to define crimes and assess punishment.  Matchett
v. State, 941 S.W.2d 922, 932 (Tex. Crim. App. 1996).  Punishment that
falls within the statutory guidelines is not excessive.  Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983).  Where the punishment assessed by
the judge or jury is within the limits prescribed by the statute, the
punishment is not cruel and unusual within the constitutional prohibition.  Samuel
v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).  

In this case, the trial court adjudicated appellant=s guilt for
aggravated assault of a family member, a second degree felony.  Tex. Penal Code Ann. ' 22.02 (Vernon
2006).  The statutory limitation for a second degree felony is from two years
to 20 years in prison. Id. ' 12.33.  The trial
court assessed punishment on the lower end of this rangeCat five years. 
Because the sentence was within the statutory limits, appellant=s punishment is
not prohibited as cruel, unusual, or excessive.  See Harris, 656 S.W.2d
at 486. We overrule appellant=s sole issue.

The judgment of the trial court is affirmed.

 

 

/s/      Eva M. Guzman

Justice

 

Panel consists of
Justices Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).