ACCEPTED
06-14-00158-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/30/2015 2:11:26 PM
DEBBIE AUTREY
CLERK

IN THE
COURT OF APPEALS
SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/30/2015 2:11:26 PM
DEBBIE AUTREY
Clerk

_____

NO. 06-14-00158-CR

_____

Semaj Milan Yrnah Smith, Appellant

vs.

THE STATE OF TEXAS, Appellee

_____

On Appeal from County Court At Law No. 2
Hunt County, Texas
Trial Court No. CR1300648

_____

APPELLEE'S BRIEF

_____

JOSEPH T. O'NEILL
Assistant County Attorney
In and for Hunt County, Texas
State Bar Number - 24076953
Hunt County Courthouse
P.O. Box 1097
Greenville, Texas 75403-1097
(903) 408-4112
(903) 408-4297 Fax

# TABLE OF CONTENTS

**SECTION** **PAGE**

TABLE OF CONTENTS.................................................................................... i

INDEX OF AUTHORITIES ............................................................................. ii

STATEMENT OF FACTS ................................................................................1

SUMMARY OF ARGUMENT.........................................................................1

ARGUMENT.............................................................................................. 1-5

    A.    Appellant cannot establish through the record that
            counsel's performance fell below and objective
            standard of reasonableness ...........................................................3

    B.    Even if the first prong of Strickland was met, there is not a reasonable
            probability that the result would have been different but for the trial
            attorneys unprofessional
            error…………………………………………………………………
            …4

PRAYER...........................................................................................................6

CERTIFICATE OF SERVICE.......................................................................7

CERTIFICATE OF WORD COUNT.............................................................8

# INDEX OF AUTHORITIES

## CASES

*Strickland v. Washington,* 466 U.S. 668, (1984)

*Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986)

*Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999)

*Tapia v. State,* 933 S.W.2d 631 (Tex.App.-Dallas 1996)

*Guajardo v. State,* 24 S.W.3d 423, 427 (Tex.App.-Corpus Christi 2000)

*Moore v. State,* 11 S.W.3d 495, 498 (Tex.App.-Houston [14th Dist.] 2000)

## STATEMENT OF FACTS

Appellee accepts as true the Statement of Facts provided by Appellant with the following supplementation.

At the beginning of the hearing on August 22, 2014, Appellant was asked by the trial judge if he understood the allegations made in the motion to revoke community supervision, to which Appellant stated "Yes, sir." (RR. Vol. 1 p. 4). Appellant then admitted that all eight allegations in the motion to revoke community supervision were true. (RR Vol. 1 p. 6-7). The trial judge then asked the Appellant if anyone had promised him anything or threatened him to plea true to these allegations, to which the Appellant replied "No, sir". (RR Vol. 1 p. 7). The trial judge then asked if the Appellant was pleading true because the allegations were, in fact, true, to which the Appellant replied "Yes, sir." *Id.*

## SUMMARY OF ARGUMENT

Appellant's trial counsel's performance during the motion to revoke community supervision hearing does not satisfy either prong of the *Strickland* test.

## ARGUMENT

ISSUE : Failure to obtain an expert to review a positive drug test or object to an allegation in the motion to revoke community supervision, where the

<u>Appellant plead true to the allegations, does not meet the first prong of Strickland.</u>

STANDARD OF REVIEW

The United States Supreme Court presented a two-pronged test to determine whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel. *Strickland v. Washington,* 466 U.S. 668, (1984). The opinion in *Strickland* established an authoritative federal constitutional standard for determining ineffectiveness of counsel and for ascertaining when such ineffectiveness is prejudicial. *Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986).

First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, (1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. Second, assuming the defendant has demonstrated deficient assistance, it is necessary to affirmatively prove prejudice. *Id.* In other words, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* (citing *Hernandez,*

726 S.W.2d at 55). When a record does not affirmatively reflect ineffective assistance, the court cannot say counsel's performance was defective. *Tapia v. State,* 933 S.W.2d 631 (Tex.App.-Dallas 1996).

A. <u>Appellant cannot establish through the record that the trial attorney's performance fell below and objective standard of reasonableness.</u>

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Here, Appellant claims firstly that his counsel on the motion to revoke community supervision was ineffective by failing to obtain an expert to contest the results of a drug test. At no point on the record did the defendant give any indication that the test results were incorrect. In fact, Appellant freely admitted the allegation that he used marijuana and cocaine on two separate occasions while on probation was true. (RR. Vol 1. p. 7). To suggest that allowing a defendant to plead guilty or true constitutes conduct falling below an objective standard of reasonableness is, quite frankly, unreasonable. Forcing defense counsel to obtain experts and present evidence regardless of the willingness of the

3

defendant to take responsibility for his actions would be a huge blow to judicial economy and would bring the wheels of justice to a grinding halt.

Appellant's second claim of ineffective assistance of counsel centers around counsel's failure to object to the first allegation of failure to make the payments ordered as a condition of his probation. Again, Appellee would point to the record to show that at no point during the proceedings did Appellant suggest he was unaware of how much his fines, court costs and fees were. In fact, he stated to the court that not only did he understand the allegations as they were presented, but also admitted that the allegation was true. (RR. Vol. 1 pp. 4-6). The record simply does not suggest that counsel's performance fell below an objective standard of reasonableness and that his failure to obtain an expert and failure to make an objection were not sound trial strategies.

B. <u>Even if the first prong of *Strickland* was met, there is not a reasonable probability that the result would have been different but for the trial attorney's unprofessional error.</u>

Pleading true to even one alleged violation of a community supervision condition is sufficient evidence for a trial court to revoke a defendant's probation. *See Guajardo v. State,* 24 S.W.3d 423, 427 (Tex.App.-Corpus Christi 2000) (pleas of true sufficient); *Moore v. State,* 11 S.W.3d 495, 498

(Tex.App.-Houston [14th Dist.] 2000) (proof of one violation sufficient). In the instant case, Appellant plead true to all 8 allegations against him. Appellant is incorrect in stating that the trial judge gave an "unambiguous indication that had the defendant complied with some of the terms of his probation, a lesser sentence would have been likely." (Appellate Brief, p. 12). The trial judge stated that the "probation office is not going to file a probation revocation if you're too poor to pay." (RR. Vol 1. P. 19). He then stated that he could not see any reason for Appellant not to perform his community service during the time he was unemployed. *Id.* He then reminded Appellant that he had been sentenced to 180 days in jail as a result of pleading guilty, but that Appellate would not have to serve jail time as long as he adhered to the conditions of his probation. *Id.* At no point does the trial judge suggest he would give Appellant any sentence less than the 180 day jail sentence he received.

## PRAYER

WHEREFORE, the State respectfully prays this court affirm the judgment herein.

Respectfully submitted,


/s/_JOSEPH T. O'NEILL___

JOSEPH T. O'NEILL
Assistant County Attorney of Hunt County
State Bar Number – 24076953
Hunt County Courthouse
P.O. Box 1097
Greenville, Texas 75403-324
(903) 408-4112
(903) 408-4297 Fax

ATTORNEY FOR THE STATE

# CERTIFICATE OF SERVICE

The undersigned Attorney hereby certifies that a true and correct copy of this State's Brief had been served via hand delivery this date to Jason Duff, 2615 Lee Street  Greenville, Texas this the 28th day of January, 2015.

/s/_JOSEPH T. O'NEILL_____
Joseph T. O'Neill

## CERTIFICATE OF WORD COUNT

I certify that this document brief/petition was prepared with Microsoft Word 2012, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 1005 words.

Sincerely,

/S/_JOSEPH T O'NEILL

JOSEPH T. O'NEILL
Assistant County Attorney of Hunt County
State Bar Number – 24076953
Hunt County Courthouse
P.O. Box 1097
Greenville, Texas 75403-324
(903) 408-4112
(903) 408-4297 Fax