# NO. 12-20-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KANTRIY MARKESHIA BURTON,* *APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kantriy Markeshia Burton appeals the trial court's order revoking her deferred adjudication community supervision. In one issue, Appellant argues that the evidence is insufficient to support the trial court's decision to revoke her community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with two counts of assault on a peace officer and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed her on community supervision for ten years.

On August 30, 2019, the State filed a motion to proceed to final adjudication alleging that Appellant violated multiple conditions of her community supervision, including by driving while intoxicated and failing to abstain from the use of alcoholic beverages, narcotic drugs, or other controlled substances.

On January 6, 2020, the trial court conducted a hearing on the State's motion. At the commencement of the hearing, Appellant pleaded "not true" to the allegations alleged in the State's motion.

Sergeant of Judicial and Courthouse Security for Houston County, Texas Michael Molnes was the State's first witness. Molnes testified about security footage taken at the Houston County Courthouse on August 25, 2019, which, according to his testimony, depicts a silver colored, compact car driving on the wrong side of the roadway, crossing the roadway, making a wide U-turn, and driving into a building.

Crockett Police Patrol Sergeant Andrew Allen testified that on August 25, 2019, in response to a call, he observed a small, silver sedan, which had crashed into a building on the square. Allen further testified that he observed Appellant at the scene and recognized her as someone he arrested on two prior occasions. Allen stated that the vehicle was registered in Appellant's name and Appellant was sitting on a bench near the scene. Allen further stated that he asked Appellant if she was driving the vehicle and she confirmed that she was the driver. Allen then asked Appellant if she had used PCP again, and Appellant responded affirmatively and indicated that she had smoked a cigarette soaked in PCP shortly before the accident. Allen testified that he performed field sobriety tests on Appellant and, based on those tests, he believed that she was intoxicated. As a result, Allen arrested Appellant for driving while intoxicated.

Ultimately, the trial court found the alleged violations in the State's motion to be "true," adjudicated Appellant "guilty" of assault on a peace officer, revoked Appellant's community supervision, and sentenced her to imprisonment for thirteen years. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In her sole issue, Appellant contends that the trial court erred in revoking her community supervision because the evidence is insufficient to support the revocation. A court may revoke a defendant's regular community supervision or deferred adjudication community supervision if the state proves, by a preponderance of the evidence, that the defendant violated a condition thereof. *See* **Hacker v. State**, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of a single violation is sufficient. **Garcia v. State**, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). In the community supervision revocation context, preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." **Hacker**, 389 S.W.3d at 865.

The applicable burden of proof informs the appellate standard of review for sufficiency of the evidence. **Id.** For an order revoking community supervision, because the less rigorous

preponderance of the evidence standard applies, we review for abuse of discretion. *See id.* If the State fails to satisfy its burden of proof, a trial court abuses its discretion by revoking a defendant's community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

In determining the sufficiency of the evidence to sustain a revocation, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Id.* at 493. As the factfinder at a revocation hearing, the trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

Here, Molnes testified that the security footage from the Houston County Courthouse on August 25, 2019, depicts a silver colored compact car driving on the wrong side of the roadway, crossing the roadway, making a wide U-turn, and driving into a building. Allen testified that on that same day, he observed a small, silver sedan, which had crashed into a building on the square. Allen stated that the vehicle was registered in Appellant's name and Appellant, who was sitting on a bench beside the building, confirmed that she was the driver and admitted that she had smoked a cigarette soaked in PCP shortly before the accident. Based on the field sobriety tests he conducted on Appellant, Allen determined that she was intoxicated and arrested Appellant for driving while intoxicated.

Based on our review of the record, we conclude that the greater weight of the credible evidence before the trial court supports its finding that Appellant violated at least two conditions of her community supervision as alleged in the State's motion to revoke. Therefore, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and adjudicating her guilty of assault on a peace officer. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2020**

**NO. 12-20-00042-CR**

**KANTRIY MARKESHIA BURTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 19CR-087)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*