Affirmed and Memorandum Opinion filed June 2, 2009








Affirmed and Memorandum Opinion filed June 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00442-CR

____________

 

ROBERT TERRANCE DUNN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1114177

 



 

M E M O R A N D U M   O P I N I O N

Appellant Robert Terrance Dunn appeals the trial court=s judgment
adjudicating his guilt, revoking his deferred adjudication community
supervision, and sentencing him to ten years= imprisonment for
the underlying offense of indecency with a child.  In his sole issue, appellant
contends that the State failed to prove by a preponderance of the evidence that
he violated the terms of his community supervision which rendered the trial
court=s finding of Atrue@ on the State=s allegation an
abuse of discretion.  We affirm.








Appellant
pled Aguilty@ to indecency with a child.  On
September 5, 2007, the court sentenced appellant to three years= deferred adjudication community
supervision.  The relevant conditions of appellant=s community supervision forbade him
from contacting the complainant or going within one thousand feet of a premises
where children gather, i.e. a Achild-safety zone.@  On April 21, 2008, the State filed
its first amended motion to adjudicate appellant=s guilt alleging that appellant (1)
contacted the complainant in person on two occasions at her apartment complex,
and (2) the apartment complex was a child-safety zone.

At the
hearing on the motion to adjudicate, Janie Hernandez (appellant=s probation officer) and Johnny
Hamilton (who performs sex-offender probation compliance checks) testified that
the complainant=s entire apartment complex is a child-safety zone.  Hernandez
testified that it would be a probation violation for appellant to go within one
thousand feet of that zone.

The
complainant and her cousin testified that while they waited at the bus stop one
morning in late February 2008, they saw someone in a black vehicle staring at
the complainant.  The complainant testified that she could not discern whether
the person looking at her had a beard and moustache because of the tint of the
vehicle=s windows, which were partially
rolled down, but her cousin testified that the man had a beard and moustache. 
They also testified that one afternoon the same person in the same vehicle
entered their apartment complex, swerved, and almost hit a friend with whom
they were walking.  Their testimony conflicted, however, regarding whether this
incident occurred on the same day as the first incident or at a later date. 
The complainant identified appellant as the person in the vehicle in both
instances, but complainant=s cousin was unable to identify the driver because she did
not see him that well.  Neither the complainant nor her cousin could testify as
to whether the person in the vehicle was bald.








Appellant
denied the allegations, but admitted driving the same model vehicle the
complainant and her cousin claimed to have seen in the two incidents.  Jerry
Jones, appellant=s private investigator, testified that the complainant and
her cousin had previously described the appellant as bald with a moustache and
beard, contradicting the complainant=s testimony that she had never told
Jones that appellant was bald.  According to Jones, the complainant=s cousin told him that both incidents
occurred on the same day.  However, Jones=s testimony was inconsistent as to
whether the complainant told him the incidents happened on the same day or on
different days.

The
trial court found the State=s allegation true, revoked appellant=s community supervision, and
adjudicated him guilty.  Before sentencing, appellant protested that he was not
bald at the time of the incidents, relying on the fact that he had Aover an inch@ of hair at the proceedings.  He
continued his protests after sentencing.  This appeal followed.

The
trial court=s determination on a motion to adjudicate is reviewable in the same
manner as a determination on a motion to revoke probation.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2008).  We review
a trial court=s order revoking probation under an abuse-of-discretion standard,
considering all the evidence in the light most favorable to the trial court=s finding to determine whether the
trial court could have reasonably found that appellant violated the terms and
conditions of his probation by a preponderance of the evidence.  See Rickels
v. State, 202 S.W.3d 759, 763B64 (Tex. Crim. App. 2006); Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The State satisfies the
preponderance-of-the-evidence burden of proof when the greater weight of
credible evidence before the trial court creates a reasonable belief that it is
more probable than not that the defendant has violated a condition of
probation.  Rickels, 202 S.W.3d at 763B64; Joseph v. State, 3 S.W.3d
627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.).








In a
probation revocation hearing, it is the trial court=s role to make credibility
determinations and resolve evidentiary conflicts.  See Garrett, 619
S.W.2d at 174; Moore, 11 S.W.3d at 498.  Although our review of that
function is highly deferential, the trial court is not given absolute
discretion to revoke probation.  See Scamardo v. State, 517 S.W.2d 293,
297 (Tex. Crim. App. 1974); Stafford v. State, 63 S.W.3d 502, 508 (Tex.
App.CTexarkana 2001, pet. ref=d).  If the trial court made
reasonable decisions in assessing credibility and resolving conflicts in the
testimony, and if, viewing the evidence in the light of such determinations,
the trial court could reasonably believe that, more likely than not, appellant
violated his probation, we must uphold the trial court=s decision.  See Rickels, 202
S.W.3d at 763B64; Moore, 11 S.W.3d at 498.








Appellant
argues that the State failed to meet its burden because (1) the complainant=s testimony conflicted with her
cousin=s testimony regarding the date of the
incidents; (2) the complainant=s cousin could not recognize appellant and depended on the
complainant=s identification of the person driving the vehicle; (3) the friend who
was almost hit in the second incident was never called by the State and
reportedly appeared surprised when Jones questioned her about the incident;[1]
(4) both witnesses (appellant and her cousin) described appellant to Jones as
bald, though he had grown out his hair by the time of the alleged contacts; and
(5) the complainant did not report the incidents for several weeks.[2] 
Despite the inconsistencies pointed out by appellant, the material aspects of
the complainant=s and her cousin=s testimony were otherwise
consistent.  Both testified that the first incident occurred on a morning in
late February 2008, and the complainant=s testimony that the second incident
occurred on a later date leaves no dispute as to whether the alleged incidents
occurred while appellant was on deferred adjudication community supervision. 
The State was not required to prove the exact date of the violation.  See
Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  Regardless of
the cousin=s inability to identify appellant and the friend=s purported Asurprise@ at Jones=s questioning, the trial court could
reasonably have based its finding on the complainant=s identification of appellant as the
person in the vehicle in both incidents.  See Aguilar v. State, 468
S.W.2d 75, 77 (Tex. Crim. App. 1971); Davis v. State, 177 S.W.3d 355,
359 (Tex. App.CHouston [1st Dist.] 2005, no pet.).  The complainant=s failure to immediately report the
incidents and the conflicting testimony regarding appellant=s baldness and whether his vehicle=s windows were tinted went to the
witnesses= credibilityCa matter exclusively within the province of the trial court. 
See Garrett, 619 S.W.2d at 174; Moore, 11 S.W.3d at 498 (in a
probation revocation hearing the trial court makes credibility determinations
and resolves evidentiary conflicts).  The trial court may have simply found the
girls= trial testimony more credible than
Jones=s and appellant=s, and may reasonably have found the
complainant=s testimony credible despite her delayed report.  See Garrett, 619
S.W.2d at 174; Moore, 11 S.W.3d at 498.

The
trial court observed the demeanor of the witnesses, made reasonable credibility
determinations, and resolved conflicting evidence.  We conclude that the
evidence is sufficient, when viewed in the light most favorable to the trial
court=s ruling, for the trial court to have
reasonably found by a preponderance of the evidence that appellant violated the
terms of his deferred adjudication community supervision by contacting the
complainant.  Alternatively, the trial court could reasonably have foundCbased on the testimony of the
complainant, her cousin, Hernandez, and HamiltonCthat appellant committed a violation
by entering the complainant=s apartment complex, a child-safety zone, in the second
incident.  See Rickels, 202 S.W.3d at 763B64; Moore, 11 S.W.3d at 498. 
Thus, the trial court did not abuse its discretion in finding the allegations
true and adjudicating appellant=s guilt.  See Rickels, 202 S.W.3d at 763B64; Garrett, 619 S.W.2d at
174; Moore, 11 S.W.3d at 498.  

 








We therefore overrule
appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

/s/        J. Harvey Hudson

Senior Justice

 

 

 

Panel consists of Chief Justice Hedges, Justice Frost,
and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Appellant asserts that the investigator=s questioning revealed that this person Aapparently had no recollection of having been almost
run over by appellant and did not remember the event.@  However, the record does not contain any evidence
supporting those assertions, as appellant=s
trial counsel=s questions in that regard were objected to, and the
objections were sustained without a response from Jones.





[2]  Appellant also asserts he was prevented from
presenting an alibi defense because the State did not have to prove the
specific date of the alleged violations.  However, appellant has waived this
argument by failing to support it with citation to or discussion of relevant
legal authorities or principles.  See Tex.
R. App. P. 38.1(i); Swearingen v. State, 101 S.W.3d 89, 100 (Tex.
Crim. App. 2003).





*  Senior Justice J. Harvey Hudson sitting by
assignment.