Affirmed and Memorandum Opinion filed December 2, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01034-CR

___________________

 

Manuel Gutierrez JR., Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 228th District Court

Harris County,
Texas



Trial Court Cause No. 1137161

 



 

 

MEMORANDUM OPINION

Appellant Manuel Gutierrez pled
guilty to the felony of burglary of a habitation without any agreed plea
bargain with the State.  Appellant, however, received deferred adjudication of
his guilty plea and was put on community supervision.  Approximately one year
later, the State made a motion to adjudicate guilt based upon appellant’s
alleged failure to follow the terms of his community supervision. The trial
court held a hearing on the motion to adjudicate guilt, found the allegations
true, and sentenced appellant to fifteen years’ imprisonment for the underlying
burglary charge.  Appellant asserts two issues on appeal.  The first is the
trial court abused its discretion in finding there was violation of the terms
of community supervision.  The second is the fifteen year sentence constitutes
cruel and unusual punishment.  We affirm.

FACTUAL AND
PROCEDURAL BACKGROUND

On June 18, 2008, appellant pled guilty to the charge
of burglary of a habitation.  The Order of Deferred Adjudication did not
include an agreed punishment recommendation.  The trial court issued an Order
of Deferred Adjudication, placed appellant on community supervision for three
years, and ordered appellant to submit to random drug and alcohol testing.  He
was also required to pay $1,000 in restitution to the victim, $50 to Crime
Stoppers, fines, and the fees associated with his community supervision
(collectively referred to below as “the fees”).  

On June 11, 2009, the State filed a motion to
adjudicate guilt, alleging appellant had violated the terms of his community
supervision by: (1) violating a law; (2) failing to submit to random drug and
alcohol testing; (3) failing to pay the fees as ordered.  

At the hearing on the motion to adjudicate guilt, the
State informed the trial court that it would be dropping the claim of violation
of the law and going forward on the failure to submit to drug and alcohol
testing and failure to pay the fees.  The State acknowledges in its appellate
brief that appellant did not violate his community supervision because the fees
were not yet due.[1]
 

Andrea Curtiss testified that she was a court liason
officer assigned to appellant’s case and that she had reviewed appellant’s
community supervision file.  She testified that appellant’s probation officer
had twice ordered him to submit to random drug and alcohol tests on the day the
probation officer called.  Appellant did not appear for testing until the
following day in both cases.  When the late tests were administered, appellant
tested negative for restricted substances.  

Appellant testified each time he went for drug and
alcohol testing late, his probation officer had approved the delay after
receiving a call from appellant explaining that he could not appear that day.  Appellant
stated that he received a “paper” from his parole officer approving the delay,
but he gave the paper to “the guy where I went to go take the [urinalysis].”  No
notations were made by the probation officer in appellant’s probation record
about the alleged conversations.  Appellant stated he did not know why the
probation officer had failed to make any notes in his file about the alleged
conversations.  

The trial court found there were violations of the
terms of community supervision and sentenced appellant to fifteen years’
imprisonment by the Texas Department of Criminal Justice for the burglary
charge.  

DISCUSSION

I.                  
 Did the Trial Court Abuse its Discretion by Finding Appellant
Violated the Terms of His Community Supervision?

Appellant argues the trial court did not have
sufficient evidence to support a finding that appellant violated his community
supervision.

A.     Standard
of Review

An order revoking probation must be supported by a
preponderance of the evidence.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006).  The State meets its burden if the evidence creates a
reasonable belief that it is more likely than not that the defendant violated
the terms of his community supervision.  Id. at 763-64.  An appellate
court reviews a trial court’s order revoking probation under an abuse of
discretion standard.  Id. at 763; Cardona v. State, 665 S.W.2d
492 (Tex. Crim. App. 1984).  Thus, we will view the evidence in the light most
favorable to the trial court’s decision.  Moore v. State, 11 S.W.3d 495,
498 (Tex. App.—Houston [14th Dist.] 2000, no pet.)    

B.      Analysis

The State submitted evidence appellant did not submit
in a timely fashion for a random drug and alcohol test.  Appellant admitted he
knew he reported late for the test, but testified that his probation officer
gave him permission to be late.  Appellant produced no evidence in the form of
telephone records, testimony of the probation officer, or any written agreement
to the delay.  “[T]he trial judge is the sole trier of fact and determines the
credibility of the witnesses and the weight to be given to their testimony.”  Id.
at 498.  The question of whom to believe is a credibility issue; we must
conclude the trial court’s implied finding that appellant’s story was not
believable.  Id.

The question is whether two missed random drug tests,
even when later completed and passed, is sufficient to revoke community
supervision.  Appellant does not cite any cases supporting the proposition that
a tardy completion of a community supervision condition means that a court
cannot revoke community supervision.  A single violation of the terms of
community supervision is sufficient to revoke community supervision.  See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (“[O]ne
sufficient ground for revocation will support the court’s order to revoke
probation.”)  In this case, viewing the evidence in the light most favorable to
the trial court’s decision, the State met its burden of preponderance of the
evidence.  The trial court did not abuse its discretion.

Appellant’s first issue is overruled.

II.              
Did the Trial Court Commit Error by Imposing Cruel and Unusual
Punishment on Appellant?

 Appellant argues the fifteen years’ incarceration
for the burglary offense is cruel and unusual punishment although the sentence is
within the statutory range for the offense.  He argues on appeal the sentence
is a violation of the Eighth Amendment of the United States Constitution,
Article I, section 13 of the Texas Constitution, and the Texas Code of Criminal
Procedure.  However, there is no objection on any of these grounds in the trial
court record.  

An appellant must make an objection in the trial
court for an appellate court to review the issue for error on appeal.  Tex. R.
App. P. 33.1(a).  Claims of cruel and unusual punishment can be waived if not
brought before the trial court.  See Rhodes v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996) (failure to raise a challenge to sentence under the
Eighth Amendment to the U.S. Constitution or Article I, section 13 of the Texas
Constitution in the trial court leads to waiver on appeal); Noland v. State,
264 S.W.3d 144, 151-42 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d)
(waiver of cruel and unusual punishment claim occurred because no objection was
made at trial). 

Appellant did not raise any of his objections to the
punishment at the trial court.  As a result, he has waived them.  See Tex.
R. App. 33.1(a); Rhodes, 934 S.W.2d at 120.  We overrule appellant’s
second issue.

CONCLUSION

Having overruled all of appellant’s points of error,
we affirm the trial court’s judgment.

 

                                                            /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] From the record, we learn
that appellant was originally required to begin paying fees in May 2009, but a
later amendment to his community supervision altered the due date to July
2009.  Appellant was arrested on June 3, 2009 on a separate charge and therefore
did not have access to his funds after that time.  The State has conceded the
issue in its appellate brief, so we will not consider the fees in our review of
this case.  See In re SWEPI L.P., 103 S.W.3d 578, 582 n. 2 (Tex.
App.—San Antonio 2003, no pet.) (appellate court need not address a conceded
issue).