Affirmed as Modified and Memorandum Opinion filed August 23, 2011.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00952-CR

___________________

 

Mark Anthony Ambriz, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 1124220

 



 

 

MEMORANDUM OPINION

            Appellant Mark Anthony Ambriz appeals the trial
court’s judgment adjudicating his guilt.  In six issues, he challenges the
trial court’s evidentiary rulings at the adjudication hearing, the sufficiency
of the evidence supporting three grounds for adjudication, admission of his
custodial statement, and the sufficiency of the court’s written findings that he
violated the terms of his community supervision.  We modify the judgment to
reflect appellant’s pleas to the grounds for adjudication, and affirm the
judgment as modified.

Background

            Appellant
pleaded guilty in 2007 to the offense of aggravated assault of a family
member.  The trial court deferred adjudication and placed appellant on
community supervision for five years.

            In
2010, the State filed a motion to adjudicate guilt.  The State alleged
appellant violated the conditions of his community supervision by (1)
committing the offense of murder on August 8, 2010, (2) failing to report to
his community supervision officer in July 2010, (3) failing to participate in
the community service restitution program at the court-ordered rate of 10 hours
a month, (4) failing to pay supervision fees and being $178.00 in arrears as of
August 11, 2010, (5) failing to pay a laboratory processing fee and being
$15.00 in arrears as of August 11, 2010, and (6) failing to enter a G.E.D.
program beginning December 21, 2007.

            At
the adjudication hearing, appellant pleaded “true” to all of the allegations in
the State’s motion with the exception of the allegation he had committed the
offense of murder.  The court then entered a plea of not true to paragraph one
and true to paragraphs two through six.  Based on appellant’s pleas, the court made
a finding of true to paragraphs two through six.

            Sergeant
Wayne Kuhlman of the Harris County Sheriff’s homicide division was the only
witness for the State.  He described his investigation of a homicide near
appellant’s residence.  Over appellant’s hearsay objections, Kuhlman testified
the cause of death was a single stab wound to the victim’s neck and described
what he had seen in video recordings from a camera in the first responding
officer’s vehicle.  Kuhlman testified that, based on the information he
collected in his investigation, he was able to obtain an arrest warrant for
appellant.  After appellant was arrested, Kuhlman interviewed him in Kuhlman’s
office.  Appellant initially denied being at the scene; but, when confronted
with contrary information, appellant claimed he had acted in self-defense.

            Appellant
testified in his own behalf.  He, his next door neighbor, and the victim had
argued on the night of the stabbing.  When the other two men removed their
shirts “in a violent manner,” appellant thought they were going to hurt him. 
Appellant could not say whether he or his neighbor stabbed the victim. 
Appellant’s neighbor continued to struggle with appellant.  Appellant, however,
broke free and fled because “it was a dangerous situation.”  He did not know
anyone had been killed.

At the close of
evidence, the trial court orally announced that it found “the allegations all
to be true.”  In its written judgment, the court found:

While on community supervision, [appellant] violated the
terms and conditions of community supervision as set out in the State’s
ORIGINAL Motion to Adjudicate Guilt as follows:  DEF. COMMITTED LAW VIOLATION
IN HARRIS COUNTY, TX ON 8-8-10, FAILED TO COMM SUPER, FAILED TO PARTICIPATE
REST PROGRAM, TO PAY SUPER FEES, LAB FEES. TO ENTER G.E.D. PROGRAM.

The written judgment also
contains the notation appellant had pleaded “not true” to the “motion to
adjudicate.”

Discussion

I.         Standard of Review

We review the imposition of guilt in the same manner
as we review a revocation of community supervision.  See Tex. Code Crim.
Proc. art. 42.12, § 5(b) (Vernon 2006).  A trial court’s order revoking community
supervision is reviewed for an abuse of discretion.  See Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State, 11 S.W.3d
495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  Proof of any one of
the alleged violations suffices to support a revocation of community
supervision.  Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980); Moore, 11 S.W.3d at 498.  Furthermore, a plea of true
to any one of the alleged violations in the State’s motion to revoke community
supervision is sufficient to support the trial court’s order of revocation.  Moore,
11 S.W.3d at 498 n.1.  With these principles and standards in mind, we turn to
appellant’s issues.

II.        Analysis

Appellant contends the judgment adjudicating his
guilt is erroneous because (1) the trial court abused its discretion in
admitting hearsay about the victim’s cause of death, (2) the trial court erred
and abused its discretion in admitting hearsay statements implicating appellant
as the person responsible for the murder, (3) there was insufficient evidence
appellant committed murder, (4) the State failed to present necessary evidence
appellant was able to pay the fees that were the subject of the fourth and
fifth grounds of the State’s motion, (5) appellant’s oral custodial statements
should have been received into evidence, and (6) the written order setting
forth the reasons for adjudication is insufficient.[1]  Appellant’s
first, second, third, and fifth issues therefore relate to the State’s allegation
appellant committed the new offense of murder (ground one of the motion). 
Appellant’s fourth issue relates to the State’s allegations appellant was in arrears
on the payment of fees (grounds four and five of the motion).

Issues one through five.  Other than
the sufficiency of the written judgment, discussed below, appellant does not
raise any contentions concerning the findings that he failed to report to his
community supervision officer in July 2010 (ground two), failed to participate
in the community service restitution program at the court-ordered rate (ground
three), and failed to enter a G.E.D. program (ground six).  Appellant pleaded
“true” to these three grounds.  Any one of these grounds is sufficient to
support adjudication of his guilt.  See Moore, 11 S.W.3d at 498 n.1. 
Accordingly, we overrule appellant’s issues one through five without further
addressing them.  See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980) (“We need not address appellant’s other contentions since one sufficient
ground for revocation will support the court’s order to revoke probation.”).

Issue six.  In issue six, appellant
contends that the trial court’s oral pronouncement of adjudication is
insufficient to sustain revocation of appellant’s community supervision because
the written adjudication order does not clearly and unequivocally set forth the
reasons in support of adjudication.  Appellant bases his complaint on the
following portion of the written judgment:  “DEF. COMMITTED LAW VIOLATION IN
HARRIS COUNTY, TX ON 8-8-10, FAILED TO COMM SUPER, FAILED TO PARTICIPATE REST
PROGRAM, TO PAY SUPER FEES, LAB FEES. TO ENTER G.E.D. PROGRAM.”  In
addition to faulting the written judgment for containing “merely . . .
abbreviated notes” regarding the violations, appellant faults the judgment for
not containing the dates of the violations other than the law violation on
August 8, 2010.

The abbreviations in the order reflecting the court’s
findings track seriatim the allegations in the State’s Motion to Adjudicate
Guilt — allegations the trial court found to be true, i.e., committing the
offense of murder on August 8, 2010, failing to report to his community
supervision officer in July 2010, failing to participate in the community
service restitution program at the court-ordered rate of 10 hours a month, failing
to pay supervision fees and being $178.00 in arrears as of August 11, 2010, failing
to pay a laboratory processing fee and being $15.00 in arrears as of August 11,
2010, and failing to enter a G.E.D. program beginning December 21, 2007.  There
is nothing in the record to indicate appellant requested the court to provide
more specific findings.  “An order revoking probation is sufficient, even
though it does not recite the findings and conclusions upon which the trial
court acted, absent any request for such findings.”  King v. State, 649
S.W.2d 42, 46 (Tex. Crim. App. 1983).

The sole authority on which appellant relies is Gordon
v. State, 4 S.W.3d 32, 38 (Tex. App.—El Paso 1999, no pet.).  In Gordon,
the trial court found that the defendant had violated two conditions of probation
by committing the offense of possession of cocaine.  Id. at 35.  The
appellate court held that seizure of the cocaine was illegal; thus the grounds
on which the trial court relied no longer were supported by the evidence.  See
id. at 38.  In response to the State’s alternative reliance on appellant’s
failure to pay supervision fees as a ground for revocation, the Gordon
court stated, without authority, “Even though the trial court orally found that
Appellant failed to pay his supervision fee on two occasions, the court did not
include that finding in the written revocation order.  Consequently, it will
not serve to support the revocation.”  Id.

In the present case, the trial court did refer in
abbreviated form to the grounds on which we affirm the judgment of
adjudication.  Because Gordon is without apparent authority and is
distinguishable, we do not find it persuasive in deciding the present case.

For the preceding reasons, we overrule appellant’s
sixth issue.

State’s request to reform the judgment.  The
State asks this court to reform the following portion of the trial court’s
judgment: “Plea to the Motion to Adjudicate: NOT TRUE.”  The reporter’s record
of the adjudication hearing establishes that appellant pleaded “not true” only
to the first allegation in the State’s motion to adjudicate; he pleaded “true”
to the remaining five allegations.

When a court of appeals has the necessary data and
evidence before it for reformation, it may reform an erroneous trial court
judgment to state the truth.  Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston
[1st Dist.] 2001, no pet.); see Storr v. State, 126 S.W.3d 647, 654–55
(Tex. App.—Houston [14th Dist.] 2004, pet ref’d). The authority of the
appellate court to do so is not dependent on request of any party; the
appellate court may act sua sponte.  See Asberry v. State, 813 S.W.2d
526, 529–30 (Tex. App.—Dallas 1991, pet. ref’d) (en banc), cited with
approval in French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

For the preceding reasons, we modify the judgment of
the trial court.  We delete the following language: “Plea to the Motion to
Adjudicate: NOT TRUE.”  In its place, we substitute the following: “Plea to the
Motion to Adjudicate: NOT TRUE to allegation of committing a new offense and
TRUE to allegations of failing to report to his community supervision officer
in July 2010, failing to participate in the community service restitution
program at the court-ordered rate of 10 hours a month, failing to pay
supervision fees and being $178.00 in arrears as of August 11, 2010, failing to
pay a laboratory processing fee and being $15.00 in arrears as of August 11,
2010, and failing to enter a G.E.D. program beginning December 21, 2007.”

Conclusion

            We modify
the judgment to reflect appellant’s pleas to the State’s allegations.  Having
overruled appellant’s issues, we affirm the judgment as modified.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] Appellant does not raise
any issues related to sentencing.