**Affirmed and Memorandum Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00599-CR

---

**LINDA KELLY STROTHER, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

**On Appeal from the 371st District Court**
**Tarrant County**
**Trial Court Cause No. 1184913D**

---

## M E M O R A N D U M    O P I N I O N

Appellant Linda Kelly Strother was charged with driving while intoxicated. She pleaded guilty, and pursuant to her plea bargain with the State, the trial court assessed her punishment at ten years' confinement, probated for ten years, and a $1,500 fine. About eighteen months later, the State moved to revoke Strother's community supervision. Following a hearing, the trial court granted the State's motion and assessed her punishment at two years' confinement in the penitentiary.

We affirm.

## I

In July of 2010, Strother was placed on community supervision conditioned that, *inter alia*, she not use, possess, or consume any alcoholic beverage, and she not operate any vehicle without an ignition-interlock device. In September, Strother's interlock report showed eleven alcohol readings in a two-day period. When Strother's probation officer confronted her about the report, Strother voluntarily admitted to using alcohol on August 6, 2010, and she signed a written statement to that effect. In lieu of incarceration, the trial court supplemented the terms of her community supervision and, in addition to the original conditions, further required her to remain under custodial supervision at the Concho Valley Community Corrections Facility until she was satisfactorily discharged from a six-month substance-abuse treatment program there.

On June 2, 2011, Strother began the treatment program at Concho Valley. On January 21, 2012, two weeks before her scheduled discharge date, Strother submitted to a urinalysis test upon returning from a temporary leave. The test yielded a positive result, indicating that she had consumed alcohol in the days before the test.[1] Strother denied having used alcohol, so Concho Valley, per its policy, sent her urine sample to a second laboratory, where it again tested positive. Because Strother continued to deny the allegation, her supervisors at Concho Valley concluded she was no longer receptive to treatment, and she was unsuccessfully discharged from the program.

---

[1] The director from one of the laboratories that tested Strother's urine sample testified that a positive urinalysis result typically means the person has consumed alcohol in the 24 to 48 hours before the test, but extreme alcohol consumption may produce positive results for up to 72 or even 80 hours.

The State filed a petition to revoke Strother's probation on the grounds that she violated the trial court's conditions by (1) consuming alcohol in 2010 and in 2012, and (2) being unsuccessfully discharged from Concho Valley. Strother pleaded not true to both grounds, but the trial court found the allegations to be true and revoked Strother's probation. The court then sentenced her to two years' confinement, and entered reparations in the amount of $1,145.00—$120 for arrearage in probation fees and $1,145 for the balance of the fine imposed in the original judgment.

In two issues, Strother argues (1) the trial court abused its discretion by "permitting duplicitous allegations of violations of conditions of probation to boot strap [sic] inadmissible evidence to support [the State's] allegations," and (2) the trial court erroneously included reparations in the judgment that are not supported by the record.

## II

In her first point of error, Strother argues that the State's grounds for revocation were duplicitous because both turned on whether she used alcohol on January 21, 2012, and that "permitting the [S]tate to cumulatively allege that [she] failed to successfully complete alcohol treatment permitted the State to bootstrap" evidence of Strother's extraneous rule violations. That evidence, Strother contends, was irrelevant and inadmissible character evidence under Texas Rule of Evidence 404(b), and it erroneously "affected a substantial right." Although Strother's brief is not a model of clarity, we understand her argument to be an evidentiary challenge, and we address it accordingly.

## A

In a hearing on a motion to revoke probation, the State must prove every element of the ground asserted for revocation by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). Proof of any

3

one of the alleged violations is sufficient to support a revocation of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In a probation-revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's order. *Moore*, 11 S.W.3d at 498. "Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Rickels*, 202 S.W.3d at 763.

B

The challenged evidence was introduced through the testimony of Debbie Houseman, the office manager at Concho Valley. At trial, Houseman testified that in addition to the positive urinalysis test, Strother's other rule violations included, "[t]hings like talking in line, the locker being left unlocked, her property unsecured, failure to sign in and out. And then there's major things like using the phone at work, being terminated from her volunteer work, [and] violating room restriction rules."

The Texas Rules of Evidence provide that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Tex. R. Evid. 401. Evidence of other crimes, wrongs, or bad acts is inadmissible, even if relevant, if it is offered to prove that the accused acted in conformity therewith. *Id.* 404(b).

The admission of evidence in violation of the rules of evidence is non-constitutional error and must be disregarded unless it affected the defendant's substantial rights. Tex. R. App. P. 44.2(b); *see Johnson v. State*, 967 S.W.2d 410,

4

417 (Tex. Crim. App. 1998). A substantial right is affected when the error had a substantial and injurious effect or influence on the trial court's decision. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not be overturned if, upon examination of the full record, an appellate court has fair assurance that the error did not influence the trial court, or had but a slight effect. *Johnson*, 967 S.W.2d at 417.

C

Assuming without deciding that the evidence Strother challenges was improperly admitted, our examination of the record in its entirety leads us to conclude that the alleged error did not affect Strother's substantial rights.[2]

During the hearing, the State offered Strother's written statement in which she voluntarily admitted that she consumed alcohol on August 6, 2010, and Strother offered no evidence to contest that fact.[3] Both her defense at trial and her argument on appeal relate to the January 2012 incident, which the State proved with the results of the two, independently conducted analyses of Strother's urinalysis test. Strother challenges the reliability but not the admissibility of that

---

[2] During trial, Strother objected to this evidence only for relevance. A complaint on appeal must comport with the specific objection made at trial, and an objection based on one legal theory in the trial court may not be used to support a different legal theory on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Optimally, the opponent of evidence of "other crimes, wrongs or acts" should object that such evidence is inadmissible under Texas Rule of Evidence 404(b) to preserve the error for appeal. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990). Nevertheless, an objection that the evidence is not relevant, "although not as precise as it could be, ought ordinarily to be sufficient under the circumstances to apprise the trial court of the nature of the complaint." *Id.* Here, we also assume without deciding that Strother's objection was sufficient to preserve her complaint because we conclude any alleged error was harmless.

[3] When the trial judge asked for Strother's plea to the allegation that she violated a condition of her community supervision by consuming, "on or about the dates shown below: A, alcohol, August 6, 2010. B, alcohol, January 21, 2012," Strother's attorney explained, "Judge, in regard to A in the paragraph that you just read, I'm advising my client for legal reasons to plead not true to that." At no point did Strother otherwise dispute that allegation.

5

evidence, arguing that "[t]he urinalysis test results are not 100% reliable because incidental contact with alcohol could cause a false positive." But the State was not required to prove its allegations with absolute certainty; rather, its burden of proof was a preponderance of the evidence, which is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [her] probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). We conclude, and Strother apparently does not dispute, that the State's properly admitted evidence was sufficient to meet that burden with respect to both the August 2010 and the January 2012 allegations. And because, as Strother emphasizes on appeal, the evidence of her extraneous rule violations was "wholly irrelevant to prove that she consumed alcohol" on January 21, 2012, any error in the admission of that evidence was harmless.

Accordingly, having considered the record in its entirety, we have fair assurance that the complained-of evidence did not influence the trial court's conclusion that Strother violated the conditions of her community supervision by consuming alcohol on August 6, 2010, and on January 21, 2012. Because one sufficient ground for revocation will support the trial court's order to revoke probation, we need not address Strother's issue as it relates to the second ground. *See Moore*, 605 S.W.2d at 926. We overrule her first issue.

## III

In her second issue, Strother argues that the trial court erred by including in the judgment reparations that were not supported by the record.

The Texas Code of Criminal Procedure provides that in all revocations of suspended sentences, the trial court "shall enter the restitution or reparation due and owing on the date of the revocation." Tex. Crim. Proc. Code art. 42.03 § 2(b).

6

In the trial court's original judgment convicting Strother, it assessed a fine of $1,500.00, which was not suspended. Under the original conditions of her community supervision, Strother was also ordered to pay a supervision fee of $60.00 per month, and the supplemental conditions provided that the fee was waived during the months Strother spent at Concho Valley. In its judgment revoking Strother's community supervision, the court entered reparations in the amount of $1,265.00—$120 for probation fees and $1,145 for the balance of Strother's fine.

With respect to the probation fees, Strother claims that because the failure to pay her probation fees would have been a violation of the terms of her community supervision, the State would have alleged that failure in its motion to revoke her community supervision if she was, in fact, in arrears. Because it did not, Strother insists "there is no evidence supported an award of $120 in reparations." We disagree. The State's omission of an allegation about her arrearage in its petition is no evidence that she was not in arrears, just as the inclusion of other allegations is no evidence of the truth of those allegations. Further, the record contains a document titled, "Revocation Restitution/Reparation Balance Sheet" from the Community Supervision and Corrections Department of Tarrant County. The balance sheet reflects that Strother owed $120.00 for probation fees. Strother offered no evidence to contradict the balance sheet or to otherwise call into doubt the reliability of the information in that document. Therefore, the portion of reparations attributable to Strother's outstanding probation fees is supported by the record.

With respect to the fine, Strother claims that the judgment revoking her community supervision was a "reformed" judgment, and that because it does not reflect a fine, it had the effect of modifying the original judgment and withdrawing

7

the fine. But Strother cites no legal authority to support this argument, and her contention that the trial court withdrew the fine is without merit. The revocation judgment expressly included the balance of the original fine as part of the reparations that were due and owing on the date of the revocation, and the amount of that balance is supported by the balance sheet in the record. Again, Strother offered no evidence to contradict that amount.

Accordingly, we conclude the record supports the reparations of $1,264 in the trial court's judgment. And because the language of article 42.03, section 2(b), is mandatory, the trial court was not only permitted but statutorily required to enter the reparations. *See id.* We therefore overrule Strother's second issue.

\* \* \*

Having overruled both of Strother's issues, we affirm the trial court's judgment.

/s/     Jeffrey V. Brown
           Justice

Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).