**AFFIRM; Opinion Filed March 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00211-CR

### WAYNE ALBERT RODGERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-06-87728-W**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Wayne Albert Rodgers appeals from the trial court's revocation of his community supervision and adjudication of his guilt for aggravated assault with a deadly weapon. He contends in two points of error that the evidence is insufficient to support (1) the revocation of his community supervision and (2) the trial court's assessment of court costs against him. We affirm.

**Background**

In 2006, appellant was charged by indictment with aggravated assault with a deadly weapon, a knife. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2011 & Supp. 2013). The indictment also contained an allegation that the offense involved family violence and two enhancement paragraphs, alleging prior felony convictions. Pursuant to a plea agreement dated March 28, 2007, appellant pleaded guilty to the offense and true to the enhancement

paragraphs and was placed on deferred adjudication community supervision for four years. The trial court also assessed a $1,500 fine.

The State filed a motion to revoke this community supervision in December 2007, alleging appellant violated eight conditions of his community supervision. The State withdrew that motion after the trial court ordered appellant to receive treatment in the Substance Abuse Felony Punishment Facility (SAFPF) and comply with the rules and regulations of the treatment until he is successfully released from the program. Appellant was released from the SAFPF in September 2009. On June 29, 2010, the State filed another motion to revoke community supervision and adjudicate guilt. This motion alleged appellant violated three conditions of his community supervision by testing positive for cocaine use, failing to pay the required supervision fees, and not completing the SAFPF continuum of care as directed by a modified condition. Appellant pleaded true to the violations, and the trial court adjudicated his guilt and sentenced him to thirty years in prison. Appellant moved for a new trial, which was granted by the trial court in August 2010. After a hearing, the court set aside the thirty-year sentence, extended appellant's community supervision for an additional two years, and ordered him to receive treatment at SAFPF. Appellant was released from SAFPF in January 2012.

In October 2012, the State again initiated proceedings to revoke appellant's community supervision and adjudicate his guilt, alleging seven violations of his community supervision. Four of the alleged violations involved appellant's failure to pay certain costs, fines, or fees as ordered. The State also alleged appellant failed to "complete Community Service hours as directed," "participate in a Safe Neighborhood Training session," and "participate in a domestic violence treatment program." Appellant again pleaded true to the State's allegations, and the trial court held a hearing at which appellant testified. Appellant said he had not paid the required costs and fines because he is mentally disabled and unable to find a job. He also agreed that he

had not participated in the domestic violence treatment program or performed his community service hours because he was "just going through a lot of things." He added he could not afford the fees to participate in the required programs, such as the domestic violence program, and that he had not performed his community service hours because he had been taking care of his mother. The trial court found the State's allegations to be true, adjudicated appellant's guilt and revoked his community supervision, and sentenced him to twenty-five years in prison. The trial court also made affirmative findings that the offense involved a deadly weapon and family violence. The judgment adjudicating guilt assessed court costs of $1,122.55 against him.

## Sufficiency of the Evidence to Support Community-Supervision Revocation

Appellant contends in his first point of error that there was insufficient evidence to show that he willfully failed to pay his court ordered fines, costs and fees. He maintains he did not complete the requirements of his community supervision because he was unable to pay the required fines, costs, or fees and claims the trial court did not properly consider his ability to pay when it decided to revoke his community supervision.

### *Legal Standards*

In community supervision revocation cases, the State has the burden to prove the allegations in a motion to revoke by a preponderance of the evidence. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.) (en banc). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition or term of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). Once evidence is presented, the trial court has the discretion either to continue, modify, or revoke probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 22, 23 (West Supp. 2013); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979).

Thus, our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels*, 202 S.W.3d at 763.

The trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony and must determine whether the allegations in the motion to revoke are sufficiently demonstrated. *Lee*, 952 S.W.2d at 897. We therefore view the evidence presented at the revocation proceeding in the light most favorable to the trial court's ruling. *Id.* We will uphold the ruling if there is some evidence to support the finding of even one of the alleged community-supervision violations. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979) ("Proof of any one of the alleged violations is sufficient to support the order revoking probation."); *Lee* 952 S.W.2d at 900. In addition, a plea of true to the alleged violations, standing alone, is sufficient to support a trial court's revocation order. *Moses*, 590 S.W.2d at 470; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "[O]nce a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation." *Moore*, 11 S.W.3d at 498 n.1.

*Analysis*

Appellant acknowledges that he pleaded true to violating conditions of his deferred adjudication community supervision as alleged in the State's motion, and he does not claim that his plea was involuntary. Rather, he argues that although a defendant cannot challenge the sufficiency of the evidence after a plea of true, "depriving a defendant of [his] freedom simply because [he] could not afford to pay through no fault of [his] own would be a violation of fundamental fairness guaranteed by the United State Constitution." He claims that in those circumstances, it is "incumbent on the trial court" to inquire why the costs or fines were not paid and that the trial court in this case did not do so. He contends his testimony shows that he did

not have the money to pay his costs and fees, including the fees associated with the programs he was required to complete, and thus, "it appears from the record that he could not complete his community supervision due to his inability to pay."

During the revocation hearing, however, the trial court specifically noted that there were "things [appellant] failed to do other than paying [his] fines and court costs." For example, appellant pleaded true to violating condition (l) because he "did not complete Community Service hours as directed." Under condition (l), appellant was required to perform "a total of 160 hours Community Service Restitution through the Volunteer Center of Dallas," which should be completed before the expiration of his community supervision. He admitted to not completing this requirement, testifying that he had not "been able to take care of [his] community supervision because [he had] been taking care of his mother" and could not leave her alone. He also claimed his probation officer had given him additional time to complete his hours. But the trial court was the sole trier of appellant's credibility, and it was within its discretion to give little weight to that testimony. *See Lee*, 952 S.W.2d at 897. And regardless, appellant pleaded true to the allegation that he failed to complete his community service hours as directed, which is alone sufficient to support revocation. *Moses*, 590 S.W.2d at 470. We therefore conclude the trial court did not abuse its discretion when it revoked his community supervision and adjudicated his guilt because his plea of true to the failure to complete community service hours supports the trial court's judgment. *See id*; *Lee*, 952 S.W.2d at 900. Because proof of any one violation is sufficient to support the trial court's revocation and adjudication of guilt, we need not address appellant's contention that he did not voluntarily violate the conditions regarding payment of fines and costs due to his inability to pay. We overrule his first point of error.

**Sufficiency of the Evidence to Support Assessment of Court Costs**

In his second point of error, appellant challenges the sufficiency of the evidence to support the trial court's assessment of $1,122.55 in court costs. He requests that we reform the judgment to delete the requirement that he pay the specific amount of court costs because the clerk's record does not contain a cost bill. After appellant filed his brief, however, the clerk's record was supplemented and now contains a bill of costs. Specifically, the supplemental clerk's record contains two pages of a computer printout itemizing the costs assessed in the case and showing a total of $1,122.55 in court costs. The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk. Because the clerk's record now contains a cost bill that supports the costs assessed in the judgment, appellant's complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is moot. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's second point of error.

Appellant also filed an objection to the bill of costs in the supplemental clerk's record. He argues (1) the "unsigned, unsworn computer printouts" and "bill of costs certification" do not qualify as a proper bill of costs for purposes of code of criminal procedure article 103.001 and (2) the record does not indicate the computer printout was filed in the trial court or brought to the trial court's attention before the costs were entered into the judgment. We previously have addressed and overruled both of these arguments in *Coronel v. State*, 416 S.W.3d at 555–56 (concluding supplemental record filed by clerk satisfies mandate of code of criminal procedure and there is no requirement that cost bill be presented to trial court at any time before judgment); *see also Johnson*, 2014 WL 714736, at *5–7 (concluding 2 pages of computer printout and certification signed by deputy clerk and seal of district clerk is "bill of costs for purposes of

Chapter 103" and "matters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial"). Accordingly we overrule appellant's objection to the cost bill contained in the supplemental clerk's record.

We also note that in his original brief and his objection, appellant does not challenge the propriety or legality of the specific costs assessed. We therefore do not address those matters.

Having overruled appellant's two points of error, we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130211F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WAYNE ALBERT RODGERS, Appellant

No. 05-13-00211-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-06-87728-W.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 18th day of March, 2014.


/Ada Brown/

ADA BROWN
JUSTICE