**AFFIRMED; and Opinion Filed June 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00400-CR

### ALONZO LEWIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F09-30892-T

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Alonzo Lewis appeals from the revocation of his probation and conviction for the offense of sexual contact with a child. Lewis brings two points of error contending the trial court erred in considering the results of a polygraph test when deciding to revoke his probation and that his counsel was ineffective because he did not object to the polygraph evidence. Finding no merit in Lewis's arguments, we affirm the trial court's judgment.

FACTUAL BACKGROUND

Lewis was charged with the offense of indecency with a child by contact to which he pleaded guilty on January 5, 2010. Pursuant to a plea bargain, the trial court deferred adjudicating Lewis's guilt and placed him on community supervision for eight years. On April 19, 2010, the trial court modified Lewis's probation to add additional conditions including

forbidding him from having any direct or indirect contact with a child seventeen years of age or younger.

On December 4, 2012, the State filed a motion to proceed with an adjudication of guilt alleging that Lewis violated seven conditions of his probation. Among the alleged violations were his failure to pay various costs and fees, incidental contact with the victim of the offense, physical contact with children under the age of seventeen, and failure of a polygraph test. At the hearing on the motion, Lewis pleaded "true" to the allegations and gave testimony admitting to repeated contact with children aged seventeen years and younger including his nieces and nephews and his girlfriend's daughters. In addition, Lewis signed a judicial confession stating that he had failed to pay his community supervision fees.

At the conclusion of the hearing, the trial court stated that the "major concern" was Lewis's contact with children under the age of seventeen. The court accepted Lewis's plea of true and found that Lewis committed six of the seven alleged probation violations. The court specifically stated it was making no finding concerning the allegation that Lewis failed a polygraph test. The court then made the seemingly contradictory statement that it was "not considering the fact that [Lewis] failed the polygraph for any purpose other than determining to revoke [his] probation [sic] or what the appropriate sentence is." The court revoked Lewis's probation, adjudicated him guilty, and sentenced him to ten years' confinement. The trial court's docket sheet confirms that it did not find that Lewis violated the conditions of his probation by failing a polygraph test. Following the denial of his motion for new trial, Lewis brought this appeal.

ANALYSIS

In his first point of error, Lewis contends the trial court erred in considering inadmissible evidence from a polygraph test in making its determination to revoke his probation. *See Leonard*

*v. State*, 385 S.W.3d 570, 582–83 (Tex. Crim. App. 2012) (trial court abused its discretion in revoking probation based solely on legally inadmissible polygraph evidence). Even if Lewis were correct that the trial court considered the polygraph evidence, it is well established that an order revoking probation may be supported by a single sufficient ground. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978). In this case, appellant pleaded true to all the allegations against him in the motion to adjudicate. Generally, a plea of true to the alleged violations, standing alone, is sufficient to support a trial court's revocation order. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 11 S.W.3d 495, 498 n. 1 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In addition, appellant specifically admitted that he failed to pay community supervision fees and that he had repeated contact with children under the age of seventeen. Because this evidence was sufficient to support multiple grounds for revoking Lewis's probation, and the trial court specifically found those grounds to be true, the trial court's order cannot be reversed based on the alleged insufficiency of the evidence to support a single alternative ground. *See Jones*, 571 S.W.2d at 193–94. We overrule Lewis's first point of error.

In his second point of error, Lewis contends he received ineffective assistance of counsel because his attorney failed to object to the trial court's consideration of the polygraph evidence in its determination to revoke his probation. To prevail on his claim of ineffective assistance of counsel, Lewis must show his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that the results of the proceedings would have been different in the absence of his counsel's alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). Lewis has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required

showing either of deficient performance or sufficient prejudice defeats an ineffectiveness claim. *See Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App. 2005).

As discussed above, the evidence presented at the hearing, including Lewis's own admissions, was sufficient to support multiple grounds for revocation other than Lewis's alleged failure of a polygraph test. The trial court made no finding that Lewis violated his probation by failing a polygraph test and gave no indication that it was relying solely on the polygraph evidence in making its determination to revoke probation. Indeed, the court indicated that its main concern was Lewis's contact with children under the age of seventeen. Because Lewis admitted to violating alternative conditions of his probation and the trial court made no finding based on the polygraph evidence, there is no showing that counsel's failure to object to the polygraph evidence had any effect on the outcome of the proceedings. We overrule Lewis's second point of error.

We affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
130400F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALONZO LEWIS, Appellant

No. 05-13-00400-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-30892-T.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE