# NO. 12-20-00024-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY THOMAS WHITE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeffery Thomas White appeals the trial court's order revoking his deferred adjudication community supervision and his ensuing ten-year sentence. Appellant raises four issues on appeal. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with obstruction or retaliation and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years.

On December 12, 2019, the State filed a motion to proceed to final adjudication alleging that Appellant violated a condition of his community supervision by, on December 9, 2019, failing to report to the Smith County Community Supervision and Corrections Department "after Court or upon release from [the] Smith County Jail."

On January 3, 2020, the trial court conducted a hearing on the State's motion. At the commencement of the hearing, Appellant pleaded "not true" to the allegation that he failed to report as alleged in the State's motion.

The State called Smith County Community Supervision Officer Halie Melot as its sole witness. Melot, who was present during Appellant's original plea proceedings, identified

Appellant and confirmed that he was admonished of the condition of his community supervision at issue. She stated that she heard the judge tell Appellant about this condition and that Appellant appeared to understand the condition. She further stated that Appellant was released from jail at 11:52 a.m. on December 9, 2019, and did not report to the Smith County Community Supervision Office that day, which violated a condition of his community supervision.

In contrast, Appellant testified that he believed he had forty-eight hours following his release from jail to report to the community supervision office. He further testified that he spent the remainder of the day on which he was released from jail looking for a place to live.

Ultimately, the trial court found the alleged violation in the State's motion to be "true," adjudicated Appellant "guilty" of obstruction or retaliation, revoked Appellant's community supervision, and sentenced Appellant to imprisonment for ten years. This appeal followed.

### REVOCATION OF COMMUNITY SUPERVISION

In his first issue, Appellant contends that the trial court erred in revoking his community supervision because the evidence is insufficient to support the revocation. A court may revoke a defendant's regular community supervision or deferred adjudication community supervision if the state proves, by a preponderance of the evidence, that the defendant violated a condition thereof. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of a single violation is sufficient. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). In the community supervision revocation context, preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865.

The applicable burden of proof informs the appellate standard of review for sufficiency of the evidence. *Id.* For an order revoking community supervision, because the less rigorous preponderance of the evidence standard applies, we review for abuse of discretion. *See id.* If the state fails to satisfy its burden of proof, the trial court abuses its discretion by revoking a defendant's community supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

In determining the sufficiency of the evidence to sustain a revocation, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Id.* at 493. As the factfinder at a revocation hearing, the trial court is the sole judge of the credibility of witnesses

and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

Here, Melot confirmed that Appellant was admonished of the condition of his community supervision at issue. She further stated that she heard the judge tell Appellant about this condition and that Appellant appeared to understand it. Lastly, Melot testified that Appellant was released from jail at 11:52 a.m. on December 9, 2019, and did not report to the Smith County Community Supervision Office that day, which violated a condition of his community supervision.

Appellant testified that he believed he had forty-eight hours from the time of his release to report to the community supervision office. On appeal, he argues that the condition of his community supervision he is alleged to have violated contradicts a separate condition of community supervision, under which he was required to "[r]eport in person to your supervision officer within 48 hours after release from jail or other confinement following any arrest or conviction." We disagree with Appellant's contention that these terms of his community supervision are conflicting. But even if we were to assume arguendo that this other condition is contradictory, the record conclusively establishes that Appellant was given a copy of the terms and conditions of his community supervision, that he read and understood them, and that he failed timely to appeal the judgment imposing community supervision to address the supposed conflicting conditions of which he now complains. Thus, by failing to appeal the trial court's order placing him on deferred adjudication community supervision, Appellant forfeited any issue with regard to propriety of its terms. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *Riles v. State*, 417 S.W.3d 606, 608–09 (Tex. App.–Amarillo 2013), *aff'd*, 452 S.W.3d 333 (Tex. Crim. App. 2015).

Based on our review of the record, we conclude that the greater weight of the credible evidence before the trial court supports its finding that Appellant violated a condition of his community supervision as alleged in the State's motion to revoke. Therefore, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and adjudicating him guilty of obstruction or retaliation. Appellant's first issue is overruled.

In his second issue, Appellant argues that the trial court abused its discretion by admitting evidence of his criminal history, which was not relevant to its determination of whether he violated a condition of his community supervision.

**Standard of Review and Governing Law**

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). A trial court does not abuse its discretion when its ruling falls within the zone of reasonable disagreement. *See id.*

Under the Texas Rules of Evidence, relevant evidence generally is admissible. TEX. R. EVID. 402. At a revocation hearing, once the court has determined that the defendant violated a condition of his community supervision and adjudicates guilt, punishment is assessed as though adjudication had not been deferred. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.110(a) (West 2018); *cf. Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (discussing ability to present punishment evidence in revocation proceeding prior to adjudication).

Furthermore, during the punishment phase of a noncapital trial, "[r]egardless of the plea and whether the punishment [is] assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing[.]" TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020). The admissibility of evidence in a noncapital trial is a matter of policy, which includes giving complete information to the factfinder to allow it to tailor an appropriate sentence for the defendant. *See Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). As a result, what is relevant for the factfinder to consider during punishment is determined by whatever is helpful to it. *See id.*

**Discussion**

In the instant case, Appellant objected to the admission of testimony regarding his criminal history as set forth in the presentence investigation report (PSI) because it is not relevant to the allegations of whether he violated the terms and conditions of his community supervision. In admitting the testimony, the trial court noted that if it revoked Appellant's community supervision, it would be called upon to sentence him.

A trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial and may admit evidence deemed relevant to sentencing,

including evidence of other crimes or bad acts. *See **Schultze v. State***, 177 S.W.3d 26, 40 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). Furthermore, at the outset of the proceedings, the trial court, upon the State's request and without objection from Appellant, took judicial notice of the PSI. *See **Brooks v. State***, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (any error admitting evidence rendered harmless when other properly admitted evidence proved same fact). Therefore, because the evidence of Appellant's criminal history is relevant to the issue of punishment and the trial court already had taken judicial notice of the PSI, we hold that the trial court did not abuse its discretion in admitting this testimony and, further, that any error in the admission of such testimony is harmless. *See **Schultze***, 177 S.W.3d at 40; *see also **Brooks***, 990 S.W.2d at 287. Appellant's second issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his third issue, Appellant argues that his ten-year sentence amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See **Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; ***Mays v. State***, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. ***Meadoux v. State***, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing ***Robinson v. California***, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also **Simmons***

***v. State***, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts repeatedly have held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of obstruction or retaliation by threatening to assault a public servant, the punishment range for which is between two to ten years. *See* Tex. Penal Code Ann. §§ 12.34(a) (West 2019), 36.06(c)(2) (West 2016). Therefore, because the sentence imposed by the trial court falls within the range set forth by the legislature, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that his sentence is grossly disproportionate to the crime of which he was convicted. Under the three part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Id.***, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id.***, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as

felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In the case at hand, the offense committed by Appellant—obstruction or retaliation by threatening assault on a public servant—is more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's ten-year sentence is less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845–46. Appellant's third issue is overruled.

## COURT COSTS

In his fourth issue, Appellant argues that the trial court erred in assessing a "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgment.[1] The State concedes that this fee is facially unconstitutional. We agree. *See Salinas v. State*, 523 S.W.3d 103, 112 n.54 (Tex. Crim. App. 2017); *see also Ovalle v. State*, 592 S.W.3d at 618; *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.–Waco 2019, no pet.); *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.–Austin 2019, no pet.); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.–Houston [14th Dist.] 2019, no pet.) (concluding that, because the portions of time payment fee authorized by subsections 133.103(b) and (d) were deposited in general revenue and were not sufficiently allocated to administration of criminal justice system, those subsections were facially unconstitutional as violating the separation-of-powers provision of Texas Constitution).

---

[1] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020, pet. filed).

Here, the judgment of conviction reflects that the trial court assessed $229.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $229.00 The certified bill of costs itemizes the court costs imposed and indicates that a $15.00 time payment fee "will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs, or restitution is entered." *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) (West 2008) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we will modify the trial court's judgment and Attachment A to reflect the appropriate assessment of court costs that do not include the unconstitutional portion of the time payment fee. *See **Ovalle***, 592 S.W.3d at 618. Appellant's fourth issue is sustained.

### CONCLUSION

Having sustained Appellant's fourth issue, we ***modify*** the trial court's judgment to reflect that the amount of court costs is $215.50. *See* TEX. R. APP. P. 43.2(b). We also ***modify*** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $215.50. *See **id.*** Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment ***as modified***.

**GREG NEELEY**
Justice

Opinion delivered November 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2020**

**NO. 12-20-00024-CR**

**JEFFERY THOMAS WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1257-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the amount of court costs is $215.50. We also **modify** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $215.50; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*